TALLASSEE POWER COMPANY v. MARY B. PEACOCK ET AL.

(Filed 20 November, 1929.)

1. **Appeal and Error A c—Upon overruling demurrer appeal lies exclusively to Supreme Court.**

   Where a demurrer to a complaint in a civil suit on the ground of its insufficiency to state a cause of action has been overruled, the procedure for the defendant is to except and duly appeal to the Supreme Court, and where he has appealed, but has failed to prosecute it, he may not plead and again demur before another judge of the Superior Court at a subsequent term of court, the action of the former judge in refusing the motion being conclusive. C. S., 601.

2. **Pleadings D d—Upon overruling of demurrer defendant cannot demur again before another judge of Superior Court.**

   Demurring *ore tenus* to the sufficiency of the complaint to state a cause of action after a former judge has refused the motion is in effect appealing

from one Superior Court judge to another upon matters of law or legal inference which is the sole province of the Supreme Court under the provisions of our State Constitution, Art. IV, sec. 8.

**3. Same—Demurrer on ground that cause of action is not stated may be made at any time.**

Demurrer to the sufficiency of the complaint to state a cause of action may be made at any time, though answer has been filed, in the Superior Court or in the Supreme Court, or the Supreme Court on appeal may take cognizance thereof *ex mero motu.* C. S., 518.

APPEAL by plaintiff from *Moore, J.,* at July Term, 1929, of DAVIDSON. Reversed.

Action for the specific performance of a contract to convey land.

From judgment sustaining defendant's demurrer *ore tenus* to the complaint, and dismissing the action, plaintiff appealed to the Supreme Court.

*Raper & Raper and R. L. Smith & Sons for plaintiff.*
*Spruill & Olive for defendants.*

CONNOR, J. This action was begun in the Superior Court of Davidson County on 8 December, 1927. On 9 December, 1927, plaintiff filed its duly verified complaint. On 4 January, 1928, defendants demurred in writing to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action. This demurrer was overruled by Stack, J., at May Term, 1928, and defendants were allowed sixty days within which to answer the complaint. Defendants excepted to the order overruling the demurrer and gave notice of their appeal to the Supreme Court. The appeal was not perfected. The order of Judge Stack has not been reversed on appeal by this Court and is, therefore, conclusive in the Superior Court of the question presented by the demurrer, in writing, to wit: Whether the facts stated in the complaint are sufficient to constitute a cause of action upon which plaintiff is entitled to the relief prayed for. C. S., 601.

On 9 June, 1928, defendants filed an answer to the complaint in which they denied the material allegations thereof. On 18 March, 1929, by leave of court obtained at February Term, 1929, defendants filed an amended answer, in which after again denying the material allegations of the complaint, they alleged matters in further defense of plaintiff's recovery in this action. Plaintiff filed a reply to the amended answer, in which it denied the allegations of the answer.

The action came on for trial on the issues raised by the pleadings at July Term, 1929, before *Moore, J.,* and a jury. After the jury had been empaneled and after the pleadings had been read, defendants demurred

POWER COMPANY *v.* PEACOCK.

*ore tenus* to the complaint, and moved that, the action be dismissed, on the ground that the facts stated in the complaint are not sufficient to constitute a cause of action. The demurrer *ore tenus* was sustained and the motion that the action be dismissed was allowed. Plaintiff excepted to the judgment, sustaining the demurrer *ore tenus,* and dismissing the action, and appealed to this Court, contending that there was error in the judgment.

Ordinarily, an objection that the complaint filed in a civil action does not state a cause of action may be taken advantage of at any time. The objection may be made in writing before answer filed, or it may be made orally after answer filed. The right to demur to the complaint on that ground, or on the ground that it appears upon the face of the complaint that the court is without jurisdiction of the cause of action alleged in the complaint, is not waived by the filing of an answer. C. S., 518. In either case, notwithstanding answer filed, the defendant may demur *ore tenus* in the Superior or in the Supreme Court. The Supreme Court of its own motion may take notice of the insufficiency of the complaint, or of the lack of jurisdiction, and dismiss the action upon either ground. *Lassiter v. Adams,* 196 N. C., 711, 146 S. E., 808; *McDonald v. MacArthur,* 154 N. C., 122, 69 S. E., 684; *Garrison v. Williams,* 150 N. C., 674, 64 S. E., 783.

Where, however, as in the instant case, before answer filed defendant demurred in writing to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action and the demurrer on this ground is heard by a judge of the Superior Court, and not sustained by him, and thereafter the defendant filed an answer to the complaint, the defendant may not present the same question for decision to another judge of the Superior Court, presiding at a subsequent term of the court, by a demurrer *ore tenus.* The order of the judge overruling the written demurrer is appealable. *Shelby v. R. R.,* 147 N. C., 537, 61 S. E., 377. The appeal therefrom must, however, be taken to the Supreme Court which alone has jurisdiction to review the decision of the judge of the Superior Court. *Dockery v. Fairbanks,* 172 N. C., 529, 90 S. E., 501. It is well settled that "no appeal lies from one Superior Court judge to another." *May v. Lumber Co.,* 119 N. C., 96, 25 S. E., 721. It was error for Judge Moore, presiding at a subsequent term of the court to hear and determine defendants' demurrer *ore tenus,* where the same question thereby presented had been decided by Judge Stack at a former term of the court. Defendants' demurrer *ore tenus* in this case was in effect an appeal from Judge Stack to Judge Moore, both of whom are judges of the Superior Court. The latter was without power to review the decision of the former. The power to review the decision of a judge of the Superior Court, upon a matter of law or legal

inference, on appeal, is vested by the Constitution of this State exclusively in the Supreme Court. Const. of N. C., Art. IV, sec. 8.

Upon consideration of the allegations of the complaint, we are of opinion that the facts alleged therein are sufficient to constitute a cause of action, and that in any event it was error to sustain the demurrer *ore tenus* and to dismiss the action. The judgment is

Reversed.