JAMES F. REID v. WILLIE R. REID.

(Filed 19 November, 1930.)

1. **Evidence A a—Judicial notice will be taken of counties comprising judicial district and persons appointed special judges.**

    When necessary for the determination of a case on appeal, the Supreme Court will take judicial notice of the counties comprising a judicial district, and that a judge holding a term in one of the counties was a special judge appointed by the Governor under the authority of chapter 137, Public Laws of 1929.

2. **Judges A b—Special judge appointed to hold single term of court in county may not hear motion for alimony returnable to that district.**

    Where a special judge has been authorized under commission of the Governor to hold a term of court in only one county of a district, he may not issue an order for alimony, attorney's fees and costs in a proceeding in an action for divorce *a vinculo*, continued to be heard before a judge regularly holding the terms of court in that district and this being determinative of the appeal the question is not presented as to whether it was required that the appellant should make it appear by the Governor's commission, or otherwise, that the regular judge assigned was unable to attend and hold courts, etc. Chapter 137, Public Laws of 1929, sec. 5, Art. IV, secs. 10 and 11, Constitution of North Carolina.

APPEAL by plaintiff from *Johnson, Special Judge,* in Chambers at Albemarle, 9 July, 1930. From ANSON.

Civil action for divorce *a vinculo,* brought by the husband against the wife, on the ground of adultery which is alleged in the complaint and denied in the answer.

Motion in the cause by the wife for alimony *pendente lite* and counsel fees.

From an order entered by Johnson, special judge, in Chambers at Albemarle, awarding the defendant alimony *pendente lite* and expense money, on authority of *Medlin v. Medlin,* 175 N. C., 529, 95 S. E., 857, the plaintiff appeals, assigning errors.

*L. B. Clegg and Barrington T. Hill for plaintiff.*
*McLendon & Covington for defendant.*

STACY, C. J. In this cause pending in the Superior Court of Anson County, the defendant lodged a motion at the June Term, 1930, for alimony *pendente lite* and counsel fees, which motion was continued to be heard before Hon. A. M. Stack, resident judge of the Thirteenth Judicial District, at Monroe, Union County, on 26 June, 1930, and was again continued, at the instance of the plaintiff, to be heard, and was heard, before "His Honor, Thomas L. Johnson, judge holding the courts of the Thirteenth Judicial District by exchange, in Chambers at Albemarle, Stanly County, on 9 July, 1930."

Judicial notice will be taken of the fact that Hon. Thomas L. Johnson was, at the time of signing the order in question, one of the special judges appointed by the Governor under authority of chapter 137, Public Laws 1929, and that Anson and Stanly counties are two of the six counties comprising the Thirteenth Judicial District of the State. *Greene v. Stadiem,* 197 N. C., 472, 149 S. E., 685.

The question having arisen as to whether a special judge could be authorized to hold the courts of a county, or district, "by exchange," as indicated on the record, a *certiorari* was directed to the clerk of the Superior Court of Stanly County to send up a copy of the commission under which the special judge was acting at the time the present order was signed. This recites (omitting the formal parts):

"To Hon. Thomas L. Johnson, one of the special judges of the Superior Courts of North Carolina—Greeting:

"Whereas, it has been made to appear to the satisfaction of the Executive Department that good and sufficient reasons exist why P. A. McElroy, one of the judges of the Superior Courts of North Carolina, is unable to hold the term of the Superior Court for the county of Stanly, beginning 7 July:

"Now, therefore I, O. Max Gardner, Governor of the State of North Carolina, by virtue of authority vested in me by law, do hereby commission you to hold said term of said court for the county aforesaid, beginning on Monday, the 7th day of July, 1930, and continue one week, or until the business is disposed of (mixed term)."

It is provided by Article IV, sections 10 and 11, of the Constitution of North Carolina that the State shall be divided into judicial districts, for each of which a judge shall be chosen; that every judge of the Superior Court shall reside in the district for which he is elected; that he shall preside in the courts of the different districts successively, but not in the same district oftener than once in four years; that, in case of the protracted illness of the judge assigned to preside in any district, or of any other unavoidable accident to him, by reason of which he shall be unable to preside, the Governor may require any judge to hold one or more specified terms in said district, in lieu of the judge assigned to hold the courts of the said district; and that "the General Assembly may by general laws provide for the selection of special or emergency judges to hold the Superior Courts of any county, or district, when the judge assigned thereto, by reason of sickness, disability, or other cause, is unable to attend and hold said court, and when no other judge is available to hold the same. Such special or emergency judges shall have the power and authority of regular judges of the Superior Courts, in the courts which they are so appointed to hold."

Pursuant to the authority thus granted in the Constitution, the General Assembly at its regular session, 1929, by general law, chapter 137, authorized the Governor to appoint as many as six special judges of the Superior Courts for terms beginning 1 July, 1929, and ending 30 June, 1931, and to issue to each a commission as his authority to perform the duties of the office of a special judge of the Superior Courts during the time named therein.

Section 5 of said act provides: "That such special judges   .   .   . shall have all the jurisdiction   .   .   .   exercised by the regular judges of the Superior Courts in the courts which they are appointed or assigned by the Governor to hold, and shall have power to determine all matters   .   .   .   properly before them; but   .   .   .   writs, orders and notices shall be returnable before them only in the county where the suit, proceeding or other cause is pending, unless such judge is then holding the courts of that district, in which case the same may be returnable before him as before the regular judge of the Superior Court."

Thus it will be seen that, under the Constitution, the General Assembly is authorized to provide, by general laws, for the selection of special or emergency judges to hold the Superior Courts of any county, or district, "when the judge assigned thereto, by reason of sickness, disability,

or other cause, is unable to attend and hold said court, and when no other judge is available to hold the same."

As to whether the commission issued to his Honor, Thomas L. Johnson, special judge, clothed him with authority to hold the June Term, 1930, of Stanly Superior Court, in the absence of a finding by the Executive Department that the judge regularly assigned to hold said court was, by reason of sickness, disability, or other cause, unable to do so, and that no other judge was available to hold the same, we are not now called upon to decide, nor do we express any opinion in this matter. The question is not before us. *S. v. Graham,* 194 N. C., 459. But as the commission purports to authorize only the holding of a single court, and not the courts of the district, as indicated on the record, it is clear that the motion, made in the present cause pending in Anson County, was not properly returnable before his Honor, acting under authority of the above commission, in Stanly County. The language of the statute is that writs, orders and notices shall be returnable before special judges only in the county where the suit, proceeding or other cause is pending, unless such special judge is then holding the courts of that district, in which case the same may be returnable before him as before the regular judge.

The fact that defendant's motion was made returnable in Stanly County at the instance of the plaintiff, or even by consent, can have no bearing on the power of the court to hear the matter. Jurisdiction, withheld by law, may not be conferred on a court, as such, by waiver or consent of the parties. *Springer v. Shavender,* 118 N. C., 33, 23 S. E., 976, 54 A. S. R., 708, 33 L. R. A., 775; 7 R. C. L., 1039.

The order, therefore, will be stricken out as the special judge was without authority to sign the same under the commission held by him at the time, and the cause will be remanded for further proceedings not inconsistent with the rights of the parties. · *Greene v. Stadiem, supra.*

Error.