MOLLIE BUNCH HOLLOWELL, WIDOW OF JOHN W. HOLLOWELL, DE-
CEASED, v. NORTH CAROLINA DEPARTMENT OF CONSERVATION
AND DEVELOPMENT, SELF-INSURER, EMPLOYER.

(Filed 10 November, 1931.)

**Master and Servant F i—An appeal from an award by a member of the
Industrial Commission will lie only to the full Commission.**

An appeal from the award of a single member of the Industrial Com-
mission in a hearing before him will not lie directly to the Superior
Court, the Workmen's Compensation Act not providing that the findings
of fact of a single commissioner should be conclusive or for the judge
of the Superior Court to find the facts, but the act provides for review
by the full Commission upon application, and for the right of appeal
from the award of the full Commission to the Superior Court upon ques-
tions of law, and where an appeal has been taken from the award of a
single commissioner directly to the Superior Court the case will be re-
manded with leave to the respondent to appeal to the full Commission.

APPEAL by petitioner from *Grady, J.,* at May Term, 1931, of WAKE.

This is a claim from Chowan County for the death of John W. Hollo-
well, a deputy forest warden, who was killed 30 August, 1930, by John,
Kermet, and Levi Nixon.

The claim was heard before M. H. Allen, chairman of the Industrial
Commission, who found that the petitioner is the sole dependent of the
deceased; that the deceased at the time of his death was in the employ
of the Department of Conservation and Development as a deputy forest
warden and *ex officio* game warden; that it was his duty to enforce the
fishing laws and regulations; that the Department of Conservation and
Development dealt with him as an *ex officio* fish warden; that the de-
ceased was its employee upon a commission contract; that the parties
are bound by the Workmen's Compensation Act; and that the accident
and death of deceased arose out of and in the course of his employment.

Upon these facts compensation was awarded the claimant. The de-
fendant appealed directly to the Superior Court without applying to the
full Commission for a review. In the Superior Court the award of the
Industrial Commission was set aside and it was adjudged that the
petitioner recover nothing by the suit. The petitioner excepted and
appealed.

*Privott & Privott for petitioner.*

*Attorney-General Brummitt and Assistant Attorneys-General Seawell
and Siler for defendant.*

ADAMS, J. The respondent appealed from the order made by the
chairman of the Industrial Commission directly to the Superior Court

of Wake County without applying to the full Commission for its review of the proceedings. This mode of obtaining a review of the hearing by one member of the Commission is not within the contemplation of law. Public Laws 1929, chap. 120, secs. 58, 59, 60. When made by only one member of the Commission, the award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue shall be filed with the record of the proceedings, and a copy of the award shall be sent to the parties. If no further action is taken this award is final. Within seven days from the date when notice of the award shall have been given, application for a review of the award may be made to the full Commission. The decision of the full Commission is conclusive and binding as to all questions of fact, but within the time prescribed either party may appeal upon questions of law from such decision to the Superior Court.

There is no provision that findings of fact made by a single member of the Commission shall be conclusive on appeal, or that the judge on appeal shall find any facts from the evidence. It was the obvious purpose of the Legislature to authorize an appeal to the Superior Court only from a decision of the full Commission.

The judgment that the petitioner recover nothing is reversed, and the cause is remanded with leave to the respondent to apply for a hearing by a full Commission.

Error and remanded.