DEPENDENTS OF FRED POOLE, DECEASED, v. D. T. SIGMON ET AL.

(Filed 27 January, 1932.)

1. Master and Servant F i—Findings of fact of Industrial Commission are conclusive on the courts only when supported by evidence.

The findings of fact of the Industrial Commission in a hearing before it are conclusive on the courts only when there is evidence in support thereof, and on appeal to the Superior Court it has jurisdiction to review the evidence in order to ascertain whether the findings of the Industrial Commission are supported thereby.

2. Same—Where jurisdictional findings of Commission are not supported by evidence the Superior Court on appeal should set aside its award.

Where the findings of fact of the Industrial Commission that the deceased was an employee of the defendant and that the defendant employed more than five workers, N. C. Code of 1931, sec. 8081(u), are not supported by any evidence in the hearing before it, the findings are jurisdictional, and upon appeal to the Superior Court the award should be set aside and vacated.

APPEAL by the defendant, D. T. Sigmon, from *Moore, J.,* at July Term, 1931, of CATAWBA. Reversed

This is a proceeding begun before the North Carolina Industrial Commission for an award of compensation to be paid to the dependents of Fred Poole, deceased, by the defendant, D. T. Sigmon, pursuant to the provisions of the North Carolina Workmen's Compensation Act.

The proceeding was heard in the Superior Court of Catawba County upon the appeal of the defendant, D. T. Sigmon, from the award made by the Industrial Commission. This award was made by the Commission

upon its findings of fact and conclusions of law as appear in the record. The award was approved by the judge of the Superior Court.

From judgment affirming the award, the defendant, D. T. Sigmon, appealed to the Supreme Court.

*Clarence Clapp and Walter C. Feimster for appellant.*
*No counsel for appellee.*

CONNOR, J. We find no evidence in the record certified to this Court on defendant's appeal from the judgment of the Superior Court, tending to support the finding by the North Carolina Industrial Commission, that Fred Poole, deceased, at the date of his fatal injuries, was an employee of the defendant, D. T. Sigmon. All the evidence shows that he was an employee of the defendants, Allen and Mathis. Nor do we find any evidence tending to support the finding that at said date the defendant, D. T. Sigmon, had in his employment, for any purpose not less than five employees. For this reason there was error of law in the findings of fact made by the said Industrial Commission, upon which the said Commission made its award in this proceeding, and in the judgment of the Superior Court affirming said award.

The findings of fact made by the North Carolina Industrial Commission, in a proceeding pending before the said Commission, are conclusive on an appeal from said Commission to the Superior Court, only when there was evidence before the Commission tending to show that the facts are as found by the Commission. Otherwise, the findings are not conclusive, and the Superior Court, on an appeal from the award of the Commission, has jurisdiction to review all the evidence for the purpose of determining whether as a matter of law there was any evidence tending to support the finding by the Commission. *West v. Fertilizer Co.,* 201 N. C., 556. If the fact as found by the Industrial Commission is jurisdictional, as in the instant case, and there was no evidence tending to support the finding, the award should be set aside and vacated.

As there was no evidence at the hearing of this proceeding by the Industrial Commission tending to show that the deceased was an employee of the defendant at the date of his fatal injuries, or that at such date the defendant had in his employment five or more employees (N. C. Code of 1931, sec. 8081(u), there was error in the award made by the Industrial Commission against the defendant. The award should have been set aside and vacated by the Superior Court. The judgment affirming the award is

Reversed.