JOE BUTTS, EMPLOYEE, v. MONTAGUE BROTHERS, EMPLOYER, AND PUBLIC INDEMNITY COMPANY, INSURANCE CARRIER.

(Filed 15 March, 1933.)

**1. Master and Servant F i—**

An appeal from an award under the Workmen's Compensation Act operates as a supersedeas, and the award is not enforceable until the questions of law involved have been determined by the courts.

**2. Abatement and Revival C c—Proceedings under compensation act do not abate upon death of claimant employee.**

An award inadvertently entered by the Industrial Commission after the death of the claimant is irregular, but not void, and the proceedings do not abate, the Compensation Act providing that upon the death of an employee from any cause other than the injury for which he was entitled to compensation, payment of the unpaid balance should be made to his next of kin dependent upon him at the time of his death. N. C. Code, 8081(ss).

**3. Master and Servant F j—Where it appears on appeal that claimant died pending filing of award the proceeding should be remanded.**

In a proceeding under the Compensation Act an award in favor of the claimant was entered and the employer and his insurance carrier appealed to the Superior Court. It appeared on appeal that the award was inadvertently entered after the death of the claimant. The Superior Court remanded the proceedings with direction that the Industrial Commission ascertain the next of kin dependent upon the employee at the time of his death. The Commission refused to hear the matter on the ground that it was deprived of jurisdiction by the appeal. Thereafter the employee's widow was made a party by order of the clerk of the Superior Court. The appeal was then heard in the Superior Court and dismissed on the ground that the proceeding abated upon the death of the employee, and the widow appealed. *Held*, the order dismissing the appeal was erroneous, and the Industrial Commission should have heard the matter as directed, and the cause is remanded to the Superior Court with direction that the Industrial Commission, after notice to the parties, find who was the next of kin of the deceased employee at the time of his death to the end that they may be made parties to the proceedings in the Superior Court and the appeal determined on its merits by judgment binding upon all parties.

APPEAL by Lucy Butts, administratrix of Joe Butts, deceased, from *Grady, J.,* at November Term, 1932, of WAYNE. Reversed.

On 20 May, 1931, Joe Butts, an employee of Montague Brothers, notified the North Carolina Industrial Commission that he and his employers had been unable to agree upon compensation to be paid to him by his employers for an injury which he had suffered on 27 January, 1931, and which he alleged was compensable under the provisions of

the North Carolina Workmen's Compensation Act, because the insurance carrier of his employers had denied liability for such compensation.

The claim of Joe Butts for compensation for his injury was heard by Commissioner Dorsett at Goldsboro, N. C., on 30 July, 1931. On the facts found by said Commissioner at said hearing, the claim was denied, and the claimant thereafter gave notice to his employers and to their insurance carrier that he would apply to the full Commission for a review of the award of Commissioner Dorsett. The proceeding was docketed for such review on or about 1 September, 1931.

After notice to the parties, the proceeding was heard by the full Commission at Raleigh, N. C., on 21 September, 1931. After said hearing, an award was made by the full Commission, reversing the award of Commissioner Dorsett, and ordering the payment of compensation to Joe Butts by his employers, Montague Brothers, and the Public Indemnity Company, their insurance carrier, in the sum of $14.01, from 20 February, 1931, for a period not to exceed 400 weeks, and for all medical and hospital expenses incurred by him on account of his injury. This award was filed by the full Commission on 6 October, 1931.

Notice of this award was served on the parties to the proceeding on 3 February, 1932, and on 26 February, 1932, both the employers and their insurance carrier appealed from said award to the Superior Court of Wayne County.

At March Term, 1932, of the Superior Court of Wayne County, the employers and their insurance carrier moved that the proceedings be dismissed, for that, while the proceeding was pending before the North Carolina Industrial Commission, and before the award was made by said Commission, the employee, Joe Butts, had died. This motion was heard at June Term, 1932, of the Superior Court of Wayne County by Judge Harris. At this hearing it was ordered by the court that the proceeding be and the same was remanded to the North Carolina Industrial Commission for the purpose of enabling the employers and their insurance carrier to suggest to the said Commission the death of the employee at the date of the award made by the Commission on 6 October, 1931, and the irregularity of said award for that reason. It was further ordered that the appeal from the award then pending in the Superior Court of Wayne County be and the same was retained in said court to be heard and determined on its merits, after such action by the Industrial Commission as it might take.

On 28 June, 1932, the proceeding was heard by the Industrial Commission pursuant to the order of the Superior Court. The Commission declined to make an order in the proceeding on the ground that it was without jurisdiction so long as the appeal was pending on its merits in the Superior Court.

On 30 June, 1932, Lucy Butts, widow of Joe Butts, was appointed by the clerk of the Superior Court of Wayne County administratrix of Joe Butts. deceased, and on 25 July, 1932, the said Lucy Butts, administratrix of Joe Butts, was made a party to the proceeding by an order of the clerk of the Superior Court of Wayne County. At the date of this order the proceeding was pending in the Superior Court of Wayne County, on the appeal of the employers and their insurance carrier from the award of the full Commission, filed on 6 October, 1931.

This appeal was heard at November Term, 1932, of the Superior Court of Wayne County by Judge Grady. On the facts disclosed by the record, the court was of opinion that the proceeding abated upon the death of Joe Butts on 21 September, 1931, and in accordance with said opinion, it was ordered and adjudged that the proceeding be and the same was dismissed, and that the costs be taxed against Lucy Butts, administratrix of Joe Butts, deceased. From this order, Lucy Butts, administratrix of Joe Butts, deceased, appealed to the Supreme Court.

*Kenneth C. Royall and Allen Langston for appellant.*
*Langston, Allen & Taylor for appellee.*

CONNOR, J. It appears from the record in this proceeding that at the date of its award, reversing the award of Commissioner Dorsett, and directing the payment of compensation by the employers and their insurance carrier to the employee, to wit: 6 October, 1931, the North Carolina Industrial Commission was inadvertent to the fact that the employee, Joe Butts, had died on 21 September, 1931. Neither the employers nor the insurance carrier were advertent to this fact, when the award was made by the Industrial Commission, or when the notice of appeal from said award was given by the employers and the insurance carrier. The appeal by the express provision of the North Carolina Workmen's Compensation Act operated as a supersedeas, and neither the employers nor the insurance carrier were required to make any payment on the award until the questions of law involved in the appeal had been determined. Section 60, chapter 120, Public Laws, 1929, N. C. Code of 1931, sec. 8081(ppp). The award in this proceeding was not void, although it was made after the death of the employee. It was at most only irregular. The proceeding did not abate because of the death of the employee, prior to the filing of the award.

It is provided in the North Carolina Workmen's Compensation Act that when an employee is entitled to compensation under the provisions of said act, and died from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his next of kin dependent upon him for support, in lieu of the compensation the employee would have been entitled

to had he lived. Section 37, chapter 120, Public Laws, 1929, N. C. Code of 1931, sec. 8081(ss).

In this cause, on the facts appearing in the record, the North Carolina Industrial Commission, upon the suggestion of the death of the employee pending the proceeding, should have found the facts with respect to the next of kin of the deceased employee, dependent upon him for support, as it was directed to do by the order of Judge Harris. These findings should have been entered in the record, and certified to the Superior Court, to the end that said court could hear the appeal of the employers and their insurance carrier upon the questions of law involved in their appeal.

There was error in the judgment dismissing the proceeding. The proceeding is remanded to the Superior Court of Wayne County, with direction that the Industrial Commission proceed after notice to the parties to hear evidence and find therefrom who are the next of kin of Joe Butts, deceased, dependent upon him for support at his death. Such next of kin, if any, should be made parties to the proceeding. When that has been done, the appeal of the employers and their insurance carrier should be heard by the Superior Court on its merits, and judgment rendered accordingly.

If the injury suffered by Joe Butts on 27 January, 1927, is compensable under the provisions of the North Carolina Workmen's Compensation Act, neither the employers nor their insurance carrier, should be relieved of liability for compensation, because the employee died before the award for such compensation was made and filed by the Industrial Commission. In that event the compensation should be paid to the next of kin of the deceased employee, who should be made parties to the proceeding to the end that they may be bound by the award by the Commission and affirmed by the Superior Court. The judgment dismissing the proceeding is

Reversed.