DEPENDENTS OF THOMPSON v. JOHNSON FUNERAL HOME ET AL.

(Filed 24 January, 1934.)

1. **Master and Servant F a—Evidence held to show that employer regularly employed less than five employees.**

   Where in a hearing before the Industrial Commission the employer testifies that he employed three men other than himself, and another witness testifies that at the time of the injury in suit there were two men working besides the employer and that the other employees were on vacation, the evidence is insufficient to support the finding of the Industrial Commission that the parties were bound by the Compensation Act, since the evidence tends to show that the employer regularly employed less than five employees and the act expressly excludes casual employees, and there being no contention that the parties had elected to be bound by the act in the manner therein prescribed. N. C. Code of 1931, sec. 8081(u), (b).

2. **Master and Servant F i—Where the evidence is insufficient to support jurisdictional finding the award should be vacated or set aside.**

   Where on appeal from an award of the Industrial Commission it appears that the evidence is insufficient to support the finding of the Industrial Commission that the parties were bound by the Compensation Act, the evidence tending to show that defendant employer regularly employed less than five employees, appellant's demurrer to the jurisdiction should be sustained and the award should be vacated or set aside, although appellant did not attack the jurisdiction of the Industrial Commission in the hearing before it, nor will the Supreme Court on appeal remand the cause for further jurisdictional findings, the record disclosing that the question was passed upon by the Industrial Commission, and there being no motion in the Superior Court to remand after the filing of appellant's demurrer.

26—205

**3. Pleadings D d—**

Jurisdiction may not be conferred upon a court or commission by waiver or consent of the parties, and a demurrer to the jurisdiction may be filed at any time.

CLARKSON, J., dissenting.

APPEAL by defendants from *Warlick, J.,* at May Term, 1933, of IREDELL.

Proceeding under Workmen's Compensation Act to determine liability of defendants to dependents or next of kin of J. Fred Thompson, deceased employee.

The hearing commissioner found as a fact, which was later adopted and approved by the full Commission, that "the parties to this cause are bound by the provisions of the North Carolina Workmen's Compensation Law, and the Sun Indemnity Company is the insurance carrier."

On appeal to the Superior Court, the defendants for the first time challenged the jurisdiction of the Industrial Commission to hear and consider the matter on the ground that the Johnson Funeral Home was not subject to the provisions of the Workmen's Compensation Act, for that, said employer "has regularly in service less than five employees in the same business within this State." N. C. Code of 1931, sec. 8081(u), (b); chap. 120, sec. 14, Public Laws, 1929.

The only evidence in the record bearing upon the point, is the following:

Latta Johnson (employer): "I was present at the Funeral Home on the night of 18 August, and at that time, Fred Thompson and I were on duty.

"Q. How many men did you keep on duty all the time at your place of business?

"A. I have employed three men other than myself, and I try to keep at all times, until a reasonably late hour in the evening, two men on duty to take care of the work."

N. M. Smoot: "I was working at the Funeral Home on the 19th, but there was no one there on the 19th for several days during that period except Mr. Thompson, Mr. Johnson and myself. The other employees were on their vacations."

From a judgment upholding the award of the Commission, the defendants appeal, assigning errors.

*Z. V. Turlington and Jack Joyner for plaintiffs.*
*Cochran & McCleneghan and David J. Craig, Jr., for defendants.*

STACY, C. J. It was said in *Dependents of Poole v. Sigman,* 202 N. C., 172, 162 S. E., 198, that if the facts found by the Industrial

Commission are jurisdictional, and there is no evidence tending to support the findings, the award should be set aside and vacated.

We do not find on the record evidence sufficient to support the conclusion that the parties to the present proceeding are subject to the provisions of the Workmen's Compensation Act. Chap. 120, Public Laws, 1929; *Aycock v. Cooper,* 202 N. C., 500, 163 S. E., 569.

It is provided by section 14 of said act that the same shall not apply to "casual employees, . . . nor to any person, firm or private corporation that has regularly in service less than five employees in the same business within this State, unless such employees and their employer voluntarily elect, in the manner hereinafter specified, to be bound by this act."

The evidence of the employer is, that "I have employed three men other than myself." This is less than five. The testimony of the witness Smoot that "the other employees" (in addition to the deceased and himself who were working with Mr. Johnson at the time) "were on their vacations," does not show that the employer had "regularly in service as many as five employees in the same business within this State," so as to bring the parties, nothing else appearing, under the provisions of the Workmen's Compensation Act. C. S., 8081(k); *Hanks v. Utilities Co.,* 204 N. C., 155, 167 S. E., 560. And it is not contended that they have voluntarily elected to be bound by the act in the manner specified therein. *Southerland v. Harrell,* 204 N. C., 675, 169 S. E., 423.

It would seem, therefore, that the demurrer to the jurisdiction is well taken. *Barham v. Perry, ante,* 428.

In opposition, however, the plaintiffs insist, first, that the evidence is sufficient to support the finding of the Commission, and, second, "but if the court should be of opinion that the record is silent on the jurisdictional question, then the cause should be remanded to the Industrial Commission for a finding on this particular point." *Butts v. Montague Bros.,* 204 N. C., 389, 168 S. E., 215; *Francis v. Wood Turning Co.,* 204 N. C., 701; *Hollowell v. Dept. Con. and Dev.,* 201 N. C., 616. The record is neither sufficient nor silent on the point. It shows that the jurisdictional question was the subject of inquiry before the hearing commissioner and that his finding was approved by the full Commission. Plaintiffs have had their day in court, and they have failed to make out their case. There was no motion in the Superior Court to remand when the jurisdiction of the Industrial Commission was first challenged. *Butts v. Montague Bros., supra.* Nor is the suggestion made here except as a *dernier ressort.* Ordinarily, parties to a suit are allowed but "one bite at the cherry." Having tried and failed, they are not entitled, as a matter of right, to go back and "mend their licks." Furthermore, it seems quite improbable that the plaintiffs would be able to show jurisdic-

tion, even if given another chance, unless the employer, who appears to have qualified as administrator of the employee's estate and is now appealing from the judgment, should change his testimony. There comes a time when litigation should end.

Speaking to a similar situation in *Trust Co. v. Leggett,* 191 N. C., 362, 131 S. E., 752, *Adams, J.,* delivering the opinion of the Court, observed:

"The plaintiff says the question of jurisdiction was not raised in the trial court and should not now be considered; but it has been held that a motion to dismiss for want of jurisdiction may be made for the first time in the Supreme Court. *Tillery v. Benefit Society,* 165 N. C., 262; *McDonald v. MacArthur,* 154 N. C., 122." See, also, *Finley v. Finley,* 201 N. C., 1, 158 S. E., 549; *Power Co. v. Peacock,* 197 N. C., 735, 150 S. E., 510.

Jurisdiction, not given by law, may not be conferred on a court or commission, as such, by waiver or consent of the parties. *Reid v. Reid,* 199 N. C., 740, 155 S. E., 719; *Saunderson v. Saunderson,* 195 N. C., 169, 141 S. E., 572; *Springer v. Shavender,* 118 N. C., 33, 23 S. E., 976, 54 A. S. R., 708, 33 L. R. A., 775; 7 R. C. L., 1039.

Reversed.

CLARKSON, J., dissenting: Under the Workmen's Compensation Act, N. C. Code, 1931 (Michie), section 8081(i), definitions—we find: "When used in this chapter, unless the context otherwise requires—(2) The term 'employment' includes employment by the State and all political subdivisions thereof, and all public and *quasi*-public corporations therein and all private employments in which five or more employees are regularly employed in the same business or establishment, except agriculture and domestic service," etc.

Section 8081(u), (b): "This chapter shall not apply to casual employees, farm laborers, Federal Government employees in North Carolina, and domestic servants, nor to employees of such persons, nor to any person, firm or private corporation that has regularly in service less than five employees in the same business within this State, unless such employees and their employers voluntarily elect, in the manner hereinafter specified, to be bound by this chapter."

This Court, in *Aycock v. Cooper,* 202 N. C., 500 (502-3), has said: "The North Carolina Workmen's Compensation Act, by its express provisions, does not apply to casual employees, farm employees, or Federal Government employees in North Carolina; nor does it apply 'to any person, firm or corporation that has regularly in service less than five employees in the same business within this State, unless such employees and their employer voluntarily elect, in the manner hereinafter

specified, to be bound by the act.' N. C. Code of 1931, section 8081(u), (b). Section 14, chapter 120, Public Laws of North Carolina, 1929. In the absence of an election by both employer and employee to be bound by its provisions, the act applies only to employers, who have in their service, in the same business within this State, as many as five employees. In the instant case, there was no evidence tending to show that the employer and his deceased employee had elected to be bound by the provisions of the act. The North Carolina Industrial Commission, therefore, had no jurisdiction of this proceeding for compensation to be paid by the employer to the dependent of his deceased employee, under the provisions of the act, unless the employer had regularly in his employment, at the date of the death of his employee, and in the business in which said employee was employed, as many as five employees."

The testimony of Latta Johnson was, in part: "Q. How *many men* did you keep on duty all the time at your place of business? A. I have employed three men other than myself, and I try to keep at all times, until a reasonably late hour in the evening, two men on duty to take care of the work. Mr. Thompson was on duty on the night of 18 August, and I saw him on that night. . . . I am the sole owner of the Funeral Home, and *I purchased Workmen's Compensation Insurance to cover my liability under the compensation law.* The name of the company I believe was the *Sun Indemnity Company.* I have that policy at my place of business now. *This policy was in force during the months of August and September,* 1932, and, so far as I know, it had not been canceled for any reason by the carrier, and I had not been notified to that effect. . . . Q. And what does that report show as to the date of the alleged injury by accident? A. 18 August, 7:30 in the evening. . . . Q. Why did you put into this record: 'Was in performance of his duties in connection with his work when he mashed his thumb'? . . . A. Because he was attending to his duties."

N. N. Smoot testified, in part: "I was working at the Funeral Home on the 19th, but there was no one there on the 19th for several days during that period except Mr. Thompson, Mr. Johnson and myself. *The other employees were on their vacations.*"

In the statement of the case before the hearing commissioner, Dorsett, is the following: "When this case was called for trial the parties agreed that prior to the death of the deceased he was a regular employee at an average weekly wage of $25.00. The defendants deny liability. *First,* they say that the deceased did not suffer an injury by accident arising out of and in the course of his employment resulting in his death. *Second,* the defendants say that they did not receive notice as promptly as the law provides and that their rights have been prejudiced. *Third,*

the defendants say that the deceased did not die as the result of the alleged injury by accident if it should be found that he suffered an injury by accident." The above was the theory upon which the case was tried by defendant before the hearing commissioner.

Upon all the evidence in the record, the commissioner made the following findings of fact: "(1) The parties to this cause are bound by the provisions of the North Carolina Workmen's Compensation Law and the Sun Indemnity Company is the insurance carrier," etc.

Conclusion of law, in part: "The evidence in this record clearly shows that the deceased suffered an injury by accident arising out of and in the course of his employment. The evidence clearly shows that he immediately sought medical attention and that he received competent medical attention, as well as hospitalization. The evidence clearly shows that the employer had knowledge of the accident. The employer actually reported the accident within 30 days from the time it happened. We are unable to see that the rights of the carrier have been in anywise prejudiced." An award was allowed.

The notice of appeal to the full Commission is as follows: "Gentlemen: We wish to acknowledge receipt of formal award in the above matter dated 12 December, 1932, and in accordance with the statute, we wish to give notice of appeal therefrom, on behalf of the Sun Indemnity Company, carrier, and Johnson Funeral Home, the employer, and we do hereby apply for a review of the award by the full Commission. Most respectfully yours, (signed) F. A. McCleneghan."

The judgment on the hearing before the full Commission is as follows: "Upon consideration of all of the evidence and arguments of counsel in this case, the full Commission affirms and adopts as its own the findings of fact, conclusions of law and award of Commissioner Dorsett. Matt H. Allen, chairman."

The notice of appeal to the Superior Court, was as follows: North Carolina, . ... .. . County—Before the North Carolina Industrial Commission—Docket No. 3086—I. C. File No. 252418. Notice of appeal: The defendants, Johnson Funeral Home and Sun Indemnity Company, and each of them, hereby give notice of appeal from the award entered in the above entitled matter by the full Commission on 20 February, 1933, said appeal being to the Superior Court of Iredell County. This 16 March, 1933. (Signed) F. A. McCleneghan, atty. for defendants. Certified copy, E. W. Price, secretary."

No language in either of these notices of appeal that any other theory would be relied on except the three before set forth.

The judgment of the Superior Court is as follows: "The above entitled cause coming on to be heard, and being heard upon an appeal by

the defendants from the rulings and award made by the Industrial Commission in said cause, before his Honor, Wilson Warlick, judge presiding, and the court being of the opinion that said rulings and award should be affirmed, after considering the record in said cause; and the defendants having challenged the jurisdiction of the Industrial Commission on the ground that the defendants are not bound by the provisions of the North Carolina Workmen's Compensation Act, moved the court that said rulings and award be dismissed, for the reason that said Commission had no jurisdiction of the proceedings, the question of jurisdiction having been first raised upon said appeal, and the court being of the opinion that the said Industrial Commission had jurisdiction of said proceedings. It is therefore, upon motion of Jack Joyner and Z. V. Turlington, attorneys for claimant, ordered, adjudged and decreed, that the award and rulings of the Industrial Commission be, and the same are hereby in all respects, affirmed; the parties having agreed in open court that this judgment could be signed out of court, out of term, and out of district. This 29 July, 1933. Wilson Warlick, judge presiding."

To give jurisdiction (1) there must be in regular service not less than five employees. (2) "Unless such employees and their employers voluntarily elect, in the manner hereinafter specified to be bound by this chapter."

There is no dispute as to the premium being paid to the carrier and the injury taking place during the life of the bond.

The statute omits the manner, but section 8081(www), says: "Every employer who accepts the provisions of this chapter relative to the payment of compensation shall insure and keep insured his liability thereunder in any authorized corporation, association, organization, or in any mutual insurance association formed by a group of employers so authorized," etc. The evidence shows that this aspect of the statute was complied with. The company issued the insurance and the employer paid the premium. *Kenan v. Motor Co.,* 203 N. C., 108.

It will be noted that neither before the hearing commissioner nor before the full Commission did the carrier raise the question of jurisdiction. The contention of the carrier, and the theory upon which the cause was tried (1) the deceased did not suffer any injury by accident arising out of and in the course of his employment, (2) the carrier did not receive notice promptly as the law provides, (3) that the employee did not die as a result of the injury.

On the evidence, the commissioner found that "The parties to this cause are bound by the provisions of the North Carolina Workmen's Compensation Act and the Sun Indemnity Company is the insurance carrier."

It is well settled that if there is any competent evidence to support the finding of facts by the Industrial Commission, this Court will be bound by them.

Was the above findings of fact—that the parties are bound by the provisions of the act—supported by evidence (1) that there were five employees, (2) the parties elected to be bound? As to the 1st: the evidence of Johnson. He was asked how many *men* he had employed and he said three other than himself, all the time. He was not asked how many women. Smoot said the *other employees were on their vacations.* Johnson said he kept three men all the time and Smoot said the *other employees* were on their vacations. The evidence was sufficient for the Commission to conclude that there were five employed. Also that the parties had elected to be bound by the act as the undisputed facts were that there was insurance in force and the premium paid at the time the injury occurred—undisputed by the carrier. The carrier did not demur to the jurisdiction at the hearing before the hearing commissioner or the full Commission. If it had it would have had to state its reason and the facts could have been developed more fully; but the carrier lulled the plaintiff to sleep by stating other grounds of defense. The point was for the first time made in the Superior Court.

C. S., 512, is as follows: "The demurrer must distinctly specify the grounds of objection to the complaint, or it may be disregarded. It may be taken to the whole complaint, or to any of the alleged causes of action stated therein." In *Elam v. Barnes,* 110 N. C., p. 73, the facts were similar, it is said at p. 74: "It is but fair, however, to the opposite side that the court below should require, as the statute demands, that the demurrer, even when made *ore tenus,* should point out the alleged defect, since it gives opportunity to ask for an amendment if the defect admits of cure, or permits further costs to be avoided if the defect is incurable, since the party, upon the particulars being indicated, may become satisfied of the invalidity of his cause of action and discontinue further proceedings. This would seem to be the reason of the statute, at any rate its provisions are clear and should be observed." *Seawell v. Cole,* 194 N. C., 546.

The Industrial Commission alone finds the facts and by analogy to the above decision I think that this action should not now be dismissed under the circumstances, but if the evidence is not sufficient, which I think it is, it should be remanded for further findings of fact on this aspect. When the Superior Court affirmed the findings of fact of the Industrial Commission, and defendant appealed therefrom, how could plaintiff request that the case should then be remanded, when the court thought the evidence sufficient? The case was tried on one theory before the hearing commissioner and the full Commission, and that theory

changed in the Superior Court and this Court. I think the defendant is estopped by the theory on which the case was tried, to the extent that it is bound by the findings of facts before the Industrial Commission.

As I understand it, the plaintiffs may make a motion in the court below to remand the cause to the Industrial Commission, when the Commission can hear other facts and if the Johnson Funeral Home, the defendant, has five or more employees the Industrial Commission would have jurisdiction.