CLARKSON, J., dissenting.
Proceeding under Workmen's Compensation Act to determine liability of defendants to dependents or next of kin of J. Fred Thompson, deceased employee.
The hearing commissioner found as a fact, which was later adopted and approved by the full Commission, that "the parties to this cause are bound by the provisions of the North Carolina Workmen's Compensation Law, and the Sun Indemnity Company is the insurance carrier."
On appeal to the Superior Court, the defendants for the first time challenged the jurisdiction of the Industrial Commission to hear and consider the matter on the ground that the Johnson Funeral Home was not subject to the provisions of the Workmen's Compensation Act, for that, said employer "has regularly in service less than five employees in the same business within this State." N.C. Code of 1931, sec. 8081(u), (b); chap. 120, sec. 14, Public Laws, 1929.
The only evidence in the record bearing upon the point, is the following:
Latta Johnson (employer): "I was present at the Funeral Home on the night of 18 August, and at that time, Fred Thompson and I were on duty.
"Q. How many men did you keep on duty all the time at your place of business?
"A. I have employed three men other than myself, and I try to keep at all times, until a reasonably late hour in the evening, two men on duty to take care of the work."
N.M. Smoot: "I was working at the Funeral Home on the 19th, but there was no one there on the 19th for several days during that period except Mr. Thompson, Mr. Johnson and myself. The other employees were on their vacations."
From a judgment upholding the award of the Commission, the defendants appeal, assigning errors.
It was said in Dependents of Poole v. Sigman, 202 N.C. 172,162 S.E. 198, that if the facts found by the Industrial *Page 803 
Commission are jurisdictional, and there is no evidence tending to support the findings, the award should be set aside and vacated.
We do not find on the record evidence sufficient to support the conclusion that the parties to the present proceeding are subject to the provisions of the Workmen's Compensation Act. Chap. 120, Public Laws, 1929;Aycock v. Cooper, 202 N.C. 500, 163 S.E. 569.
It is provided by section 14 of said act that the same shall not apply to "casual employees, . . . nor to any person, firm or private corporation that has regularly in service less than five employees in the same business within this State, unless such employees and their employer voluntarily elect, in the manner hereinafter specified, to be bound by this act."
The evidence of the employer is, that "I have employed three men other than myself." This is less than five. The testimony of the witness Smoot that "the other employees" (in addition to the deceased and himself who were working with Mr. Johnson at the time) "were on their vacations," does not show that the employer had "regularly in service as many as five employees in the same business within this State," so as to bring the parties, nothing else appearing, under the provisions of the Workmen's Compensation Act. C. S., 8081(k); Hanks v. Utilities Co., 204 N.C. 155,167 S.E. 560. And it is not contended that they have voluntarily elected to be bound by the act in the manner specified therein. Southerland v.Harrell, 204 N.C. 675, 169 S.E. 423.
It would seem, therefore, that the demurrer to the jurisdiction is well taken. Barham v. Perry, ante, 428.
In opposition, however, the plaintiffs insist, first, that the evidence is sufficient to support the finding of the Commission, and, second, "but if the court should be of opinion that the record is silent on the jurisdictional question, then the cause should be remanded to the Industrial Commission for a finding on this particular point." Butts v.Montague Bros., 204 N.C. 389, 168 S.E. 215; Francis v. Wood TurningCo., 204 N.C. 701; Hollowell v. Dept. Con. and Dev., 201 N.C. 616. The record is neither sufficient nor silent on the point. It shows that the jurisdictional question was the subject of inquiry before the hearing commissioner and that his finding was approved by the full Commission. Plaintiffs have had their day in court, and they have failed to make out their case. There was no motion in the Superior Court to remand when the jurisdiction of the Industrial Commission was first challenged. Butts v.Montague Bros., supra. Nor is the suggestion made here except as a dernierressort. Ordinarily, parties to a suit are allowed but "one bite at the cherry." Having tried and failed, they are not entitled, as a matter of right, to go back and "mend their licks." Furthermore, it seems quite improbable that the plaintiffs would be able to show jurisdiction, *Page 804 
even if given another chance, unless the employer, who appears to have qualified as administrator of the employee's estate and is now appealing from the judgment, should change his testimony. There comes a time when litigation should end.
Speaking to a similar situation in Trust Co. v. Leggett, 191 N.C. 362,131 S.E. 752, Adams, J., delivering the opinion of the Court, observed:
"The plaintiff says the question of jurisdiction was not raised in the trial court and should not now be considered; but it has been held that a motion to dismiss for want of jurisdiction may be made for the first time in the Supreme Court. Tillery v. Benefit Society, 165 N.C. 262; McDonaldv. MacArthur, 154 N.C. 122." See, also, Finley v. Finley, 201 N.C. 1,158 S.E. 549; Power Co. v. Peacock, 197 N.C. 735, 150 S.E. 510.
Jurisdiction, not given by law, may not be conferred on a court or commission, as such, by waiver or consent of the parties. Reid v. Reid,199 N.C. 740, 155 S.E. 719; Saunderson v. Saunderson, 195 N.C. 169,141 S.E. 572; Springer v. Shavender, 118 N.C. 33, 23 S.E. 976, 54 A.S.R., 708, 33 L.R.A., 775; 7 R. C. L., 1039.
Reversed.