## 15352

RIDDLE v. FAIRFOREST FINISHING CO. *ET AL.*

(18 S. E. (2d), 341)

*Messrs. Wise & Whaley,* of Columbia, for appellant,

*Messrs. Hildebrand & Brice* and *Mr. J. S. Brice,* all of York, for respondents,

January 9, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The respondent in the above-entitled case suffered a physical injury on April 29, 1938, while in the employ of the appellant employer. He applied to the Industrial Commission for compensation, and was paid benefits under the Workmen's Compensation Act, 39 St. at Large, p. 1231, for temporary total disability until July 25, 1938; he was then paid twenty-seven and one-half weeks' compensation for specific functional injury to certain fingers until about February 10, 1939. He executed a final settlement receipt, reciting the above payments, which amounted to $335.40, which was duly filed with the commission on February 16, 1939.

About December 18, 1940, twenty-two months later, the respondent filed with the Industrial Commission a claim for bodily disfigurement benefits. This claim was heard by the single commissioner, the Honorable Isaac L. Hyatt, who

denied the claim on the general grounds that it was not filed within time and was barred. Thereupon the respondent appealed direct to the Court of Common Pleas for Spartanburg County, and the appeal was heard by the Honorable T. S. Sease, Judge of the Seventh Circuit. .

Before the case was heard, the appellants gave notice to the respondent that on the call of the case for hearing, they would ask that the award of the Industrial Commission be affirmed on the additional ground that Sections 59 and 60 of the Workmen's Compensation Act provide that an appeal from an award of the single commissioner shall be taken to the full commission, and that an appeal to the Circuit Court is only maintainable from an award of the full commission; and that as this appeal to the Circuit Court was taken from the award of the single commissioner, the same is improper and should be dismissed.

The order of Judge Sease begins in this wise: "This is an appeal by the claimant from an award of the South Carolina Industrial Commission, dated February 14, 1941, based on an opinion by Commissioner Hyatt filed February 15, 1941, dismissing a claim for disfigurement."

This is a misstatement of the legal issue. This is not an appeal from an award of the South Carolina Industrial Commission; it is an appeal from an award made by Commissioner Hyatt alone. The South Carolina Industrial Commission, by John H. Dukes, chairman, gave this notice:

"Notice of Formal Award, Form No. 29.

"You, and each of you, are hereby notified that a hearing was held in the above styled case before Isaac L. Hyatt, Commissioner, at Spartanburg, S. C., on January 23rd, 1941, and an opinion filed on February 15th, 1941, directing an award as follows: The claim is dismissed and compensation is denied."

The South Carolina Industrial Commission never acted upon the claim. There can be no particle of doubt that this appeal to the Court of Common Pleas is directly from the

action of the single commissioner, who made the only award that has been made in the premises.

Judge Sease held that the Court of Common Pleas had jurisdiction to hear the case, and he has filed a clever decree to support that view.

This appeal is based upon twenty exceptions, but in our judgment it is not necessary to consider them all. In fact, we think the matter is disposed of by the disposition we shall make of the single question: Whether a claimant may appeal direct from an award made by the single commissioner to the Court of Common Pleas.

The order of the Circuit Judge proceeds upon the theory that the provisions of the Workmen's Compensation Act, Acts S. C., 1936, page 1231, are ambiguous, and that the applicable provisions of Sections 58, 59, and 60, and related sections, leave it optional with the party who is dissatisfied with the award of the single commissioner in any case, whether he will ask the full commission to review the action of the single commissioner, and that therefore he may elect not to ask for the review, and appeal direct to the Court of Common Pleas.

We cannot concur in this view. We do not think there is any ambiguity about the Act. The Workmen's Compensation Act has been many times before this Court, but this is the first time it has come up in this shape. In the numerous cases in which it has been before the Court, it has always come up by appeal from the action of the full commission.

It may be proper to say here that the order of the Circuit Court seems to hold that the action of the single commissioner is necessarily that of the full commission. In other words, that Mr. Commissioner Hyatt's act was the action of the full commission. The Act of 1935 itself defines the term "commission" to mean the South Carolina Industrial Commission, and, of course, that means the men who are appointed commissioners to administer the Act, and, of course, must mean all of them and not just one of them. Section 58 of the Act, Acts, South Carolina, 1936,

p. 1259, provides that: " * *, * The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue shall be filed with the record of the proceedings, and a copy of the award shall immediately be sent to the parties in dispute. The parties may be heard by a deputy, in which event he shall swear or cause the witnesses to be sworn, and shall transmit all testimony to the Commission for its determination and award."

Clearly, Section 58 refers to the commission as a whole body. Section 53(b) of the Act provides: "The Commission may appoint deputies, who shall have the power to subpoena witnesses and administer oaths, and who may take testimony in such cases as the Commission may deem proper. * * * "

It seems clear to us that the award of a single commissioner, or that of a deputy appointed by the commission, is not a final adjudication of a claim, unless both parties are satisfied therewith, and unless neither of them asks for a review by the full commission.

Section 59 of the Act provides: "If application for review is made to the commission within fourteen days from the date when notice of the award shall have been given, the commission shall review the award, and, if good grounds be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award."

It seems clear to us that the purpose of Section 59, as above quoted, is to grant the right of review on appeal, where cases are initially heard, or awarded, by a member of the commission.

The opening language of that section is the basis of the Circuit decree, which seeks to show that the claimant in this case was not bound to ask for review, and that therefore he had a right of appeal direct to the Circuit Court. The Circuit order says that this language is permissive, not mandatory.

The clear intent of this whole Act is to provide a right of appeal, and the machinery for perfecting that appeal is found in Sections 59 and 60 of the Act.

Clearly, it was the intent of the legislature to provide that the procedure should be akin to that of a Court, as, for instance, an appeal from an inferior Court to the Court of Common Pleas, and an appeal from that Court to the Supreme Court.

Section 60 of the Act provides: "The award of the Commission, as provided in Section 58, if not reviewed in due time, or an award of the Commission upon such review, as provided in Section 59, shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within thirty days from the date of such award, or within thirty days after receipt of notice to be sent by registered mail of such award, but not thereafter appeal from the decision of said Commission to the Court of Common Pleas * * * ."

That is the only provision in any of these sections for an appeal to the Court of Common Pleas.

In the case of *McDonald et al. v. Palmetto Theaters et al.*, 196 S. C., 38, 11 S. E. (2d), 444, 447, the opinion of this Court was delivered by that sound lawyer and safe Judge, the Honorable L. D. Lide, Judge of the Twelfth Circuit, Acting Associate Justice. In that case, the full commission, on review, reversed the action of the single commissioner, and the case finally came to this Court in its Original Jurisdiction In delivering the opinion of the Court, Judge Lide recited and analyzed the provisions of Sections 58, 59, and 60 of the Workmen's Compensation Act, and said this:

"It seems to us to be perfectly clear from the terms of this section (60) that it relates solely to an appeal 'from the decision of said Commission to the Court of Common Pleas' * * ﹨ .

"However, provision is, in our opinion, made for an appeal to the Supreme Court from a judgment of the Court of Common Pleas upon an appeal from the Commission, in Section 61 of the Act * * * ."

Thus, it seems to us made plain, that the intention of the legislature was to provide for the disposition of a claim made to the Industrial Commission by the orderly process of a hearing before a single commissioner, or a deputy appointed by the full commission; a review, by the full commission, of the single commissioner's award; an appeal from an award by the full commission to the Court of Common Pleas; and an appeal from the Court of Common Pleas to the Supreme Court.

Referring further to the case of *McDonald v. Palmetto Theaters, supra,* we find in the opinion the following language: "Upon an examination of the authorities we find that it is held by the courts of other jurisdictions that no appeal from a compensation commission may be had unless granted by the express terms of the compensation act, or by necessary implication therefrom. 71 C. J., 1207. And it is stated in 71 C. J., 1208, that: 'The only appeal available from the judgment of a Court in a compensation case is that which is provided by the compensation act.' * * * "

Section 51 of the Act provides in part: " * * * Not more than two appointees shall be persons who, on account of their previous vocation, employment, or affiliation can be classed as representatives of employers; and not more than two appointees shall be persons who, on account of their previous vocation, employment, or affiliations, can be classed as representatives of employees, covered by this Act. * * *."

If the claimant in the present case can skip over this Section 51, ignore the full commission, and appeal direct from the award made by Commissioner Hyatt, the single commissioner, he will defeat completely the intent of the legislature in the enactment of this section, which in our judgment was to see that the employer and employee had representatives on the commission whose experience enabled them to see that justice is done to both employer and employee.

It is true that this Court said in the case of *Spearman v. F. S. Royster Guano Company et al.,* 188 S. C., 393, 199 S. E., 530, 536, that while the de-

cisions of other states "may be persuasive", they "are not binding" on our Courts. This Court also said in the case of *Ward v. Ocean Forest Club, Inc.,* 188 S. C., 233, 198 S. E., 385, 388: "Of course, in this case, as in all other cases, the facts make the law, and while this court is not bound in anywise by the decisions of the courts of other states, such decisions are necessarily influencing if logical and in accordance with the apparent intent of the Legislature in the use of a word."

The North Carolina Workmen's Compensation Act of 1929, has often been cited by this Court, and the identical features of that Act, and of the South Carolina Act, have been compared many times. It suffices to say that Sections 58, 59, and 60 of the North Carolina Act are identical with those same numbered sections of our Act, with some minor exceptions which are not pertinent to any issue here made.

In the North Carolina case of *Hollowell v. North Carolina Department of Conservation & Development,* 201 N. C., 616, 161 S. E., 89, 90, the Supreme Court of that State said:

"The respondent appealed from the order made by the chairman of the Industrial Commission directly to the superior court of Wake county without applying to the full commission for its review of the proceedings. This mode of obtaining a review of the hearing by one member of the commission is not within the contemplation of law. Public Laws 1929, c. 120, §§ 58-60. When made by only one member of the commission, the award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, shall be filed with the record of the proceedings, and a copy of the award shall be sent to the parties. If no further action is taken, this award is final. Within seven days from the date when notice of the award shall have been given, application for a review of the award may be made to the full commission. The decision of the full commission is conclusive and binding as to all questions of fact, but, within the time prescribed, either party

may appeal upon questions of law from such decision to the superior court.

"There is no provision that findings of fact made by a single member of the commission shall be conclusive on appeal, or that the judge on appeal shall find any facts from the evidence. It was the obvious purpose of the Legislature to authorize an appeal to the superior court only from a decision of the full commission."

Also, in the North Carolina case of *Moore v. Pine Hall Brick & Pipe Company et al.,* 201 N. C., 617, 161 S. E., 90, the Supreme Court of that state said: "In *Hollowell v. North Carolina Department of Conservation & Development,* 201 N. C., 616, 161 S. E., 89, we held that an appeal from the award of one member of the Industrial Commission cannot be taken directly to the superior court, but must first be reviewed by the full commission."

In this connection it should be borne in mind that the Superior Court of North Carolina corresponds to our Court of Common Pleas. In that state, the Workmen's Compensation Law was enacted in the year 1929, whereas our similar statute was not passed until 1935. Under this circumstance, together with the circumstance of the close similarity between these two statutes, we think the holding in the case of *Fulghum v. Bleakley,* 177 S. C., 286, 181 S. E., 30, 31, is particularly relevant here. In that case Mr. Chief Justice Stabler said:

"It appears that the first guest statute, of which ours is an exact copy, was passed by the Legislature of Connecticut, in 1927 (Pub. Acts 1927, c. 308) and had been construed by the Supreme Court of Errors of that state before its adoption and enactment by the lawmaking body of South Carolina. * * *

"As we have said, at the time of its passage by our Legislature in 1930, the statute had been construed by the Connecticut court as above indicated; and the effect of this pertinent fact is to raise the presumption, there being no express provision to the contrary, that the Legislature intended

such interpretation to form a part of the act as adopted by it. *Fuller v. South Carolina Tax Commission,* 128 S. C., 14, 121 S. E., 478, 481; * * *

"In the *Fuller Case,* the court said: 'Where the language incorporated into a statute is identical or substantially identical with that appearing in similar statutes of other states which have received judicial construction and interpretation prior to the adoption of the statute under consideration, in the absence of an expressed intention to the contrary it will be presumed that the subsequently enacted statute was intended to be understood and applied in accordance with the construction given it by the courts of the states which had first adopted it. 25 R. C. L., 1069-1071; *Simpson v. Willard,* 14 S. C., 191.' * * *

"As observed in *State ex rel. Walker v. Sawyer,* 104 S. C., 342, 88 S. E., 894, 895: 'While it is an elementary rule of construction that words used in a statute should be given their plain and ordinary meaning, this, as all other rules, is subject to the prime object of ascertaining and giving effect to the legislative intention. In doing this, we are not to be governed by the apparent meaning of words found in one clause, sentence, or part of the act, but by a consideration of the whole act, read in the light of the conditions and circumstances as we may judicially know they appeared to the Legislature, and the purpose sought to be accomplished.' * * *"

We think this in itself is a sufficient reply to the Circuit order, which is predicated upon its construction of the first sentence of Section 59, which begins: "If application for review is made to the Commission within fourteen days * * *" and which order holds that one may or may not, as he pleases, ask the full commission to review the award of the single commissioner, but may appeal direct to the Court of Common Pleas.

In the case of *Marchbanks v. Duke Power Company et al.,* 190 S. C., 336, 2 S. E. (2d), 825, 836, this Court held:

"If the facts bring the case within the terms of the Compensation Act, the employee is restricted to his right of claim

for compensation under the Act. The very purpose of the Act is to assure the employee of redress for his injuries, if the facts show that he is entitled thereto, and to relieve him of the uncertainties of a trial in a suit for damages.

" 'The right to workmen's compensation is wholly statutory, not existing except under the circumstances provided in the Workmen's Compensation Acts. It is not a common law right for the reason that the Acts are in derogation of, or departures from, the common law and are not amendatory, cumulative or supplemental thereto, nor declaratory thereof, but wholly substitutional in character; * * *.' 71 C. J., pp. 229-231."

In our judgment, the conclusion that the claimant had not the right under the Act to appeal direct to the Court of Common Pleas from the award of Commissioner Hyatt, disposes of the whole case, and it is not necessary to consider the other numerous exceptions.

The order of the Circuit Judge is reversed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.