LAT R. YOUNG, ADMINISTRATOR OF ESTATE OF RALPH YOUNG, v.
MAYLAND MICA COMPANY AND ED VANCE.

(Filed 13 October, 1937.)

1. **Master and Servant § 49—Refusal to dismiss on ground that Industrial Commission had exclusive jurisdiction held supported by jury's finding.**

    Where, in an action instituted in the Superior Court, the jury finds upon conflicting evidence that defendant employer regularly employed less than five employees, there being no contention that the employer and employees had voluntarily elected to be bound by the Compensation Act, C. S., 8081 (u) (b), judgment overruling defendant's plea to dismiss on the ground that the action was within the exclusive jurisdiction of the Industrial Commission is without error.

2. **Courts § 1c—Conflicting evidence as to fact determining jurisdiction of Industrial Commission held properly submitted to jury.**

    Where a plea to the jurisdiction of the Superior Court is filed on the ground that the Industrial Commission has exclusive jurisdiction, the Superior Court has the duty and power to find the jurisdictional fact, and where the plea is dependent upon the number of employees regularly employed by defendant, and the evidence on the point is conflicting, the evidence is properly submitted to the jury for their determination of the jurisdictional fact.

APPEAL by defendant from *Clement, J.,* at January Term, 1937, of YANCEY.

Action to recover damages for alleged wrongful death.

Plaintiff filed complaint alleging actionable negligence and damages. The defendant filed answer and denied the allegations of the complaint, and further set up plea denying the jurisdiction of the Superior Court to hear and determine the issues involved, for that it alleges the North Carolina Workmen's Compensation Act applies in that the defendant was engaged in business in Newdale, Yancey County, having regularly in service in its said business more than five employees, including the plaintiff's intestate; and that the accident resulting in the death of plaintiff's intestate arose out of and in the course of his employment within the meaning of the Workmen's Compensation Act.

The following issue, among others, was submitted to the jury: "Did the defendant regularly employ in its service less than five employees?" This was answered in the affirmative.

From judgment on verdict rendered defendant appealed, assigning error.

*Charles Hutchins and Anglin & Randolph for plaintiff, appellee.*
*J. W. Ragland for defendant, appellant.*

WINBORNE, J.   The principal question involved on this appeal is as to jurisdiction.   The defendant challenges jurisdiction of the Superior Court, and contends that the parties are subject to the provisions of the North Carolina Workmen's Compensation Act.   On the facts found, this contention is not sustained.

The Workmen's Compensation Act does "not apply . . . to any person, firm, or private corporation that has regularly in service less than five employees in the same business within the State," unless such employees and their employers voluntarily elect to be bound by the act in the manner therein provided.   C. S., 8081 (u) (b).

It is not contended in the instant case that the parties have voluntarily elected to be bound.   The only question of fact is as to the number of employees regularly in service in the business of the defendant in this State.   This is a jurisdictional fact which the Superior Court has the duty and power to find.   *Aycock v. Cooper,* 202 N. C., 500; 163 S. E., 569.

There is evidence tending to show that there were four men employed at the time the intestate was injured.   There was also testimony tending to show that the plant was sometimes operated by less than four men, sometimes by one man, and at one time by two men.   The father of the intestate testified: "My boy was about what they had to boss."   There was also testimony that four men were employed in the day and four at night; that some of the men would be out part of the time; and "they tried to get along with less than four."   On this conflicting evidence it was proper for the fact to be determined by submission of an issue to the jury.   The jury did not accept defendant's contention.   In the trial and judgment we find