CLARKSON, J., dissenting.
This was a claim under the Workmen's Compensation Act for compensation for injuries alleged to have been caused by an accident which occurred in the State of South Carolina on 22 October, 1937, in the course of plaintiff's employment. The contract of employment was made in the State of North Carolina and plaintiff was at the time of the contract, and at all times subsequent, a resident and citizen of the State of South Carolina. The contract of employment was for him to work both in North Carolina and South Carolina.
An agreement for compensation for plaintiff's disability was entered into by the plaintiff and both defendants, supposedly in pursuance of the provisions of the North Carolina Workmen's Compensation Act, under which the amount of compensation due at the time the agreement was made was $210.73, and the amount due for medical services was $210.73. In addition thereto, the defendants agreed to pay to the plaintiff, as compensation, $16.21 weekly, beginning 29 October, 1937, for an unspecified number of weeks, until the agreement had been terminated by final receipt or supplemental agreement approved by the North Carolina Industrial Commission or order of such Commission. This memorandum of agreement was examined and approved by the North *Page 464 
Carolina Industrial Commission and notice of award given in accordance therewith for temporary total disability, at the rate of $16.21 per week, beginning on 29 October, 1937, and continuing for the period of total disability, not to exceed the provisions of the act.
Compensation was paid by the defendants under the agreement referred to until 14 July, 1938, or for a period of about thirty-eight weeks. The defendants then ceased payment and the plaintiff applied to the Industrial Commission for enforcement of the award and for additional compensation because of conditions arising from the injury. This petition was heard before Commissioner Dorsett and, upon a ruling adverse to the defendants, an appeal was made to the Full Commission, which, after hearing the case, gave notice of formal award on 24 February, 1939, affirming the award following the hearing before Commissioner Dorsett. This award was as follows: "Defendants will pay the plaintiff compensation for temporary total disability since the date of the accident under the terms of the agreement up until the time the defendants offer the plaintiff work suitable to his condition, and if the plaintiff does not earn as much at this work as he did prior to the injury the defendants will pay him compensation at the rate of 60 per cent of the difference in the wages under the provisions of the law, defendants will take credit for compensation payments already made and the payments due since July 14th, when the last payment was made, will be brought up to date in a lump sum payment. Defendants will pay all hospital and medical bills when they have been submitted to and approved by the North Carolina Industrial Commission."
Other provisions relate to the payment of witness' and attorneys' fees.
From this award defendants appealed to Buncombe County Superior Court, and, upon the hearing there, the award of the Full Commission was affirmed.
In support of their appeal, the defendants challenge the jurisdiction of the North Carolina Industrial Commission in the premises on the ground that at the time of his injury plaintiff was not a resident of this State. With regard to its agreement it points out that since the Industrial Commission at no time had jurisdiction of the subject matter, the defendant did not waive its objection to the jurisdiction by that agreement or its subsequent payments, in accordance therewith, and neither conferred a jurisdiction upon the Industrial Commission which it did not have by virtue of the statute. *Page 465 
The North Carolina Workmen's Compensation Act, chapter 120, section 36, Public Laws of 1929, provides: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation if the contract of employment was made in this State, if the employer's place of business is in this State, and if the residence of the employee is in this State; . . ."
In so far as it depends upon the statute alone, the jurisdiction of the Industrial Commission attaches only (a) if the contract of employment was made in this State; (b) if the employer's place of business is in this State; and (c) if the residence of the employee is in this State. All these circumstances must combine to give the jurisdiction.
We think it is clear that neither the agreement entered into by the plaintiff and the defendant nor the subsequent payments of the defendant thereupon amounted to a waiver of jurisdiction. The North Carolina Industrial Commission is not a court of general jurisdiction. It is an administrative board, with quasi-judicial functions (Maley v. FurnitureCo., 214 N.C. 589), and has a special or limited jurisdiction created by statute and confined to its terms. The following observation from HartfordAccident and Indemnity Co. et al. v. Thompson, ___ Ga., ___,147 S.E. 50, 51, is applicable here: "The authority of a court of limited jurisdiction in relation to subject matter over which it may exercise jurisdiction can be enlarged or extended only by the power creating the court. It cannot be done by act or consent of parties." Thompson v. FuneralHome, 205 N.C. 801, 172 S.E. 500; Riggan v. Harrison, 203 N.C. 191,165 S.E. 358; Reid v. Reid, 199 N.C. 740, 155 S.E. 719.
We do not agree that jurisdiction can be conferred upon the court by the circuitous route contended for by plaintiff and apparently adopted by the Industrial Commission, namely, that otherwise the act would be unconstitutional, since "North Carolina cannot extend to its citizens a right that it does not extend to citizens of other States," or discriminate against a "nonresident employee." This view of the matter was taken in a similar situation by the Court in Quong Ham Wah Company v. IndustrialAccident Commission of California, 192 P. 1021 (dismissed for want of jurisdiction, 255 U.S. 455, 41 Supreme Court Reports, 373), which is cited in the opinion of the Full Commission.
The apparent difficulty which the State might be under in extra-territorial extension of its laws, affecting the rights of residents of other states, and uncertainty as to the extent to which this State may be able to protect its own citizens and industries by giving its laws and the orders of the Industrial Commission such extra-territorial effect is sufficient ground to sustain the jurisdictional classification that the employee be a *Page 466 
resident of this State, and this involves no unconditional discrimination. See annotations to Broderick v. Rosner; 100 A.L.R., 1133, 1148 (294 U.S. 629, 79 L.Ed., 1100).
We have before us no question as to the policy of the Court, and not even a question as to the ultimate rights of the parties. We are only considering the jurisdiction of the Commission under the act creating it and the subject matter to which it is sought to apply that jurisdiction — whether it complies fully with the condition upon which the jurisdiction attaches.
The Industrial Commission can only enforce an agreement made in accordance with the provisions of the act and by virtue of its authority, and does this simply as a detail of administration provided by statute, and under its statutory jurisdiction. It is a statutory method entirely of settling claims within its jurisdiction. If it had no jurisdiction of the original claim it has none of the contract. It is not a general court in which claims, even between master and servant or employer and employee, may be litigated when they arise upon mere contract, independently of the statutory jurisdiction, although such contract may be physically filed with the Commission. Any relief which the Industrial Commission may give is of a totally different character. "When the statute creating the right provides an exclusive remedy to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy provided by statute." Loomis v. Lehigh Valley Railway Co., 208 N.Y. 32,101 N.E. 907.
The question is not before us as to whether the contract may be independently enforced. If so, it must be in another forum.
The judgment of the court below is
Reversed.