LEE FRANCIS ANDERSON AND ANNIE LOU LYNN v. LIZZIE STEVENS
ATKINSON, ANDREW STEVENS, FREDERICK JAMES SMITH, RU-
DOLPH OLLIN SMITH, RHODA SMITH BARNES, EUGENE M. SMITH,
VIOLA HOWELL, HENRY STEVENS, WILLIAM ATKINSON, LEON-
ARD OLIVER, ELIZABETH J. McCOY, BESSIE JONES, WILMA LEE
JONES, SARAH JONES, MAGDALENE JONES, GERALDINE JONES,
WILLIAM JONES, JR., ALPHONSO JONES, HENRY ANDERSON.

(Filed 19 March, 1952.)

**1. Courts § 2—**

Where it appears upon the face of the complaint that the court has no
jurisdiction of the subject matter of the action, the action should be dis-
missed.

**2. Pleadings § 22c—**

Where it appears on the face of the complaint that the court has no
jurisdiction of the subject matter of the action, the trial court may not
allow an amendment, since such defect cannot be cured by waiver, consent,
amendment, or otherwise.   G.S. 1-134.

**3. Same—**

The trial court may not allow an amendment which sets up a wholly
different cause of action or changes substantially the form of the action
originally alleged.   G.S. 1-163.

APPEAL by defendants from *Hatch, Special Judge,* January Term,
1952, of JOHNSTON.

This action was originally instituted to recover land under and by
virtue of the alleged provisions contained in the last will and testament
of Andrew Atkinson, which purported will was lost or destroyed after the
death of Andrew Atkinson, and has never been admitted to probate.

The defendants demurred to the complaint in writing on the following
grounds: (1) That the court had no jurisdiction of the subject matter of
the action; (2) that the complaint did not state facts sufficient to con-
stitute a cause of action.   G.S. 1-127.

The demurrer was overruled and the defendants appealed to this Court.
The ruling of the court below was reversed in an opinion filed 10 October,
1951 (*Anderson v. Atkinson,* 234 N.C. 271, 66 S.E. 2d 886).

Thereafter, at the November Term, 1951, of the Superior Court of
Johnston County, the plaintiffs moved to amend their complaint.   The
motion was granted and the plaintiffs were allowed thirty days in which
to file an amended complaint.   The defendants excepted to this ruling.

The amended complaint was not filed within the time allowed.   How-
ever, at the January Term, 1952, of the Superior Court of Johnston
County, the plaintiffs moved to be allowed to file such complaint.   The
court, after finding the delay in filing was due to excusable neglect,
allowed the motion.   To this ruling the defendants also excepted.

The plaintiffs allege in their amended complaint that the paper writing in question was not executed with the formality required by the law of North Carolina so as to operate as a will, but allege that the paper writing was and is effectual as a contract to convey the property involved to them, and pray for specific performance.

The defendants appeal from the rulings of the court below, assigning error.

*E. Reamuel Temple and Leon G. Stevens for plaintiffs, appellees.*

*Wellons, Martin & Wellons for defendants, appellants.*

DENNY, J.　The defendants' exceptions and assignments of error challenge the authority of the court below to allow an amendment to a complaint in an action in which the court has no jurisdiction of the subject matter of the original action. The exceptions are well taken and will be sustained.

In the former opinion (reported in 234 N.C. 271, 66 S.E. 2d 886), *Ervin, J.*, speaking for the Court, said: "The complaint discloses upon its face that the court has no jurisdiction of the subject matter of the action; for under the law of North Carolina the issue of whether an unprobated script is, or is not, a man's last will cannot be properly brought before the Superior Court for determination in an ordinary civil action. *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330."

Whenever it appears upon the face of the complaint that the court has no jurisdiction of the subject matter of the action, the action should be dismissed. *Burroughs v. McNeill,* 22 N.C. 297; *Branch v. Houston,* 44 N.C. 85; *Henderson County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136.

A defect in jurisdiction over the subject matter cannot be cured by waiver, consent, amendment, or otherwise. G.S. 1-134; *Burroughs v. McNeill, supra; Garrett v. Trotter,* 65 N.C. 430; *Mastin v. Marlow,* 65 N.C. 695; *Tucker v. Baker,* 86 N.C. 1; *Hunter v. Yarborough,* 92 N.C. 68. "An amendment presupposes jurisdiction of the case." *Hodge v. Williams,* 22 How. 87, 16 L. Ed. 237. "There can be no waiver of jurisdiction over the subject matter, and objection may be made at any time during the progress of the action." *McCune v. Manufacturing Co.,* 217 N.C. 351, 8 S.E. 2d 219; *Miller v. Roberts,* 212 N.C. 126, 193 S.E. 286; *Raleigh v. Hatcher,* 220 N.C. 613, 18 S.E. 2d 207.

Furthermore, if we were not confronted with the question of jurisdiction on this appeal, the plaintiffs would not be entitled to maintain their present alleged cause of action. The right to amend pleadings does not permit the litigant to set up a wholly different cause of action or change substantially the form of the action originally sued upon. G.S. 1-163; *Perkins v. Langdon,* 233 N.C. 240, 63 S.E. 2d 565; *Bank v. Sturgill,* 223

N.C. 825, 28 S.E. 2d 511; *Goodwin v. Fertilizer Works,* 123 N.C. 162, 31 S.E. 373.

However, since the Superior Court had no jurisdiction of the subject matter of this action at the time it was originally instituted, the orders entered below, to which the defendants excepted, are vacated and the action is dismissed. *Brissie v. Craig, supra.*

Appeal dismissed.