STATE OF NORTH CAROLINA ON THE RELATION OF E. J. HANSON, RECEIVER FOR JAMES M. YANDLE, EX-CLERK OF THE SUPERIOR COURT OF MECKLENBURG COUNTY, AND EX-RECEIVER IN VARIOUS RECEIVERSHIP ESTATES UNDER ORDER OF COURT, IN HIS OWN RIGHT AS SUCH RECEIVER AND FOR AND ON BEHALF OF ALL PARTIES AND CLAIMANTS HAVING CLAIMS AGAINST THE SAID YANDLE IN HIS SAID OFFICIAL CAPACITY AND HIS SURETY AND/OR HAVING CLAIM AGAINST PLAINTIFF OR ANY INTEREST IN SAID RECEIVERSHIP AND SUCH OTHER PARTIES AS MAY DESIRE TO INTERVENE IN THIS ACTION AND MAKE THEMSELVES A PARTY THERETO, v. JAMES M. YANDLE; MASSACHUSETTS BONDING & INSURANCE COMPANY, A CORPORATION; J. LESTER WOLFE, CLERK OF SUPERIOR COURT OF MECKLENBURG COUNTY; CITY OF CHARLOTTE; UNIVERSITY OF NORTH CAROLINA; MECKLENBURG COUNTY; ET AL.

(Filed 7 May, 1952.)

1. **Judgments § 25—**

   If the court is without jurisdiction or power to enter an order contained in a paragraph in its judgment, such paragraph is void and may be attacked whenever and wherever it is asserted, without any special plea.

2. **Judgments § 2: Courts § 2—**

   If the court is without jurisdiction of the subject matter of a judgment, such judgment can attain no validity because entered by consent of the parties, since jurisdiction may not be conferred upon a court by consent.

3. **Principal and Surety § 9: Escheat § 1—Where surety on clerk's bond pays into court total liability as shown by clerk's records, court has jurisdiction to provide that unclaimed funds be returned to surety.**

   Where action by the receiver of a clerk and other actions instituted in behalf of infants and incompetents to recover on the official performance bonds executed by the clerk are consolidated and judgment is rendered against the surety for the full amount necessary to discharge all the liabilities of the clerk as disclosed by his records, *held:* The trial judge has jurisdiction of the subject matter of the action and of all the parties, and

therefore has authority to enter an order that all funds not called for and claimed by any particular claimants should be turned back to the surety instead of escheating, and after the elapse of sufficient time to bar all individual judgments, the surety is entitled to summary judgment for such amount as against the claim of the University to a part of such funds by escheat or the claim of the county thereto for its school fund. Constitution of North Carolina, Art. IX, sec. 5, G.S. 115-179, G.S. 115-183.

APPEAL by defendant Massachusetts Bonding & Insurance Company from *Moore, J.,* February Term, 1952, MECKLENBURG.

Civil action to recover on official performance bonds, heard on motion for summary judgment for the return of certain funds paid into the office of the clerk of the Superior Court of Mecklenburg County under judgment entered at the September Term, 1936.

James M. Yandle was the clerk of the Superior Court of Mecklenburg County for three successive terms, his last term of office ending on the first Monday in December, 1934. The defendant Bonding Company was his surety upon his performance bond in the sum of $60,000 for each of said terms. Said clerk was unable to make settlement with his successor. A receiver was appointed to take charge of the assets, records, etc., in the hands of the retiring clerk. The receiver instituted this action to recover on the official performance bonds executed by said former clerk and his surety. Certain other actions were instituted in behalf of infants and incompetents, which actions were consolidated with this action by order of the court.

The assets and liabilities of the clerk were divided in two groups: (1) assets in the hands of and liabilities due by the clerk as such, and (2) assets in the hands of and liabilities incurred by the clerk as receiver for various infants and incompetents.

An interim settlement of the liability of the clerk for funds coming into his hands by virtue of his office was effected by the payment into the hands of the successor clerk of the sum of $41,094.89, which, together with funds on hand, was found to be sufficient to discharge the liabilities of the clerk as such. Judgment was entered accordingly by Harding, J., at the March Term, 1935. This judgment contained the following paragraph:

"4. And should it hereafter appear that the liabilities of James M. Yandle, as Clerk of the Superior Court with reference to his liabilities as said Clerk of the Superior Court but not as Receiver in the various receivership estates be paid off and discharged for a sum less than the amount of $52,093.87, then in that event the residue or remainder of the said amount paid in by Massachusetts Bonding & Insurance Company hereunder, shall be paid to said Massachusetts Bonding & Insurance Company and retained by it as its sole property."

The receiver thereafter filed his report in this consolidated cause to which he attached a written proposal of settlement of all claims of the Yandle receivership and of all matters and things involved in each and all of the individual actions consolidated herewith. Under this proposed settlement the defendant Bonding Company agreed to pay into the office of the clerk of the Superior Court the sum of $37,992.12 in full and complete settlement of its liability as surety on the three several performance bonds which were the subject matter of the action, subject to the provisions hereinafter noted.

The judge found the facts in detail, particularly in respect to the rights of the infant and incompetent claimants, and entered judgment approving the settlement and directing its execution. The judgment recites "that the University of North Carolina has consented to said agreement or compromise . . ."

It then entered its judgment approving the settlement and allowing the claims reported in detail by the receiver and directing the receiver upon the payment of the sum agreed upon to turn over and deliver to the Bonding Company "all of the assets of said receivership . . . being all of the assets remaining in the hands of the said Hanson after the disbursement hereinbefore provided for . . ." Said judgment likewise contained the following provisions:

"(18) That the payments heretofore ordered to be paid to the clerk of this court in satisfaction of this judgment and the claim of various claimants be and the same are paid to the court as upon the payment of a judgment in favor of the various claimants as their interest might appear and against James M. Yandle and his surety, Massachusetts Bonding & Insurance Company.

"(19) And it is further ORDERED, ADJUDGED and DECREED that in the event that any particular claimant or claimants shall fail to call for and claim his or her respective funds paid into the Court under this order that the same, rather than escheats the University of North Carolina, be paid over to the Massachusetts Bonding & Insurance Company as its sole property."

On 23 January 1952 the defendant Bonding Company filed a motion in the consolidated cause for summary judgment against the present clerk of the Superior Court of Mecklenburg County for the sum of $5,040.75 plus the sum of approximately $4,000 now remaining in his hands as the balance of the sum paid in under the settlement judgment which has not been claimed by creditors whose claims were allowed in the judgment entered in 1936 "and not required to discharge the obligations, as aforesaid, and which said sum according to the terms of the final judgment in said receivership is the sole property of the Massachusetts Bonding & Insurance Company" under the provision of paragraph (19) of said judg-

ment above quoted. Notice of the motion was duly served on the University of North Carolina and Mecklenburg County. The respondents answered. Each respondent pleaded the invalidity of paragraph (19) of said judgment for want of jurisdiction in the court to enter the same. The University further asserted its right to the sum of $5,040.75 held by the clerk under the law of escheats, and the County claimed the right to $8,917.07, "being all of the assets and funds remaining in said receivership." Its claim is bottomed on the provisions of N. C. Const., Art. IX, sec. 5, and G.S. 115-179, 183.

The court below, upon hearing said motion, adjudged that paragraph (19) of the said final judgment "is null and void and of no effect, and that the said court was without authority to make such order as set forth in said paragraph 19." It further ordered that the clerk forthwith pay to the University the sum of $6,058.24 and to the treasurer of Mecklenburg County $2,858.83, the total of said sums being the balance of the original fund paid into the office of the clerk of the Superior Court by appellant herein, found to be now remaining in the hands of the clerk and "not claimed or demanded by the parties entitled thereto for more than five years after the same became due." Defendant Bonding Company excepted and appealed.

*J. F. Flowers for Massachusetts Bonding & Insurance Company, appellant.*

*Attorney-General McMullan and Raymond C. Maxwell, Special Assistant to the Attorney-General, for University of North Carolina, appellee.*

*Taliaferro, Clarkson & Grier and William E. Poe for Mecklenburg County, appellee.*

BARNHILL, J. This appeal poses for decision only one question, to wit: Was the Superior Court judge vested with authority to enter the adjudication contained in paragraph (19) of the final judgment herein entered 15 September 1936?

If the court was without authority, its judgment as contained in said paragraph is void and of no effect. A lack of jurisdiction or power in the court entering a judgment always avoids the judgment, *Clark v. Homes,* 189 N.C. 703, 128 S.E. 20; *Boone v. Sparrow, ante,* p. 396, and a void judgment may be attacked whenever and wherever it is asserted, without any special plea. *Monroe v Niven,* 221 N.C. 362, 20 S.E. 2d 311; *McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27; *High v. Pearce,* 220 N.C. 266, 17 S.E. 2d 108; *McCune v. Manufacturing Co.,* 217 N.C. 351, 8 S.E. 2d 219; *Boone v. Sparrow, supra.*

So then, there is no question but that the respondents may assail paragraph (19) of the final judgment herein as a nullity for want of jurisdiction of the judge to grant the relief therein attempted.

The contention is advanced that the final judgment is a consent judgment. It does recite a proposed settlement and the consent of the respondent University. Even so, on the question here presented, it is immaterial whether it was or was not entered by consent. If the court was without jurisdiction of the subject matter in the first instance, the consent of the parties adds nothing to the force and effect of the judgment, for jurisdiction of the subject matter cannot be conferred by consent of the parties. *McRary v. McRary, supra; Reaves v. Mill Co.,* 216 N.C. 462, 5 S.E. 2d 305; *High v. Pearce, supra; McCune v. Manufacturing Co., supra.* The provision must stand or fall on the authority or want of authority of the judge to insert it as a part of the final judgment.

On this question the respondents contend the adjudication constitutes an attempt on the part of the court to enter an anticipatory judgment settling rights that might accrue at some time in the future upon a state of facts which had not arisen when the judgment was entered and might never arise in the future. If their premise is sound, their conclusion that the judgment is void is well founded and must be sustained.

On the other hand, the appellant Bonding Company contends that the subject matter under consideration was the settlement of its liability as surety upon the performance bonds of the former clerk and the question immediately at issue was the amount to be paid by it in settlement of its liability and the conditions upon which it should pay the sum agreed into the office of the clerk of the Superior Court. The judgment fixed the amount to be paid and paragraph (19) decreed the conditions upon which it was to be paid. These were matters clearly within the jurisdiction of the court. So it asserts.

We are constrained to concur in the view of the appellant. While the record is not entirely clear on that point, it seems the court allowed all claims as they appeared on the books and records of the former clerk (including claims not filed with the receiver) except such as were expressly rejected or denied by the judgment entered. It is a matter of common knowledge, at least among lawyers and judges, that many small amounts of money from various sources come into the hands of the clerks of the Superior Court for the use of various and sundry persons who never appear and claim what is theirs. The Bonding Company was willing to pay into the office of the clerk of the court a sum sufficient to meet the liability of its principal for the payment of the several amounts which might in fact be claimed by those for whose use and benefit they were held. It was unwilling to pay any amount which would eventually escheat to the University or revert to the school fund. The receiver was unwilling to agree to the deposit of any amount less than that required to discharge the liabilities of the former clerk as disclosed by his records.

It is apparent this was the situation which faced the parties as they sought a basis of settlement satisfactory to all.

The problem could have been solved by the adoption of any one of several plans. For instance, the money could have been deposited in escrow to be withdrawn as and when claimants actually appeared and demanded the amounts due them, or it could have been stipulated that the Bonding Company should pay claims as and when they were duly approved by the receiver or the clerk. The plan adopted was the simplest and most direct approach to the settlement of the problem presented.

The court recognized the merit of the contention of the Bonding Company in respect to the payment of amounts which might never be claimed by those to whom they were due. At the same time it deemed it imperative that all claimants who might appear and claim funds held to their use by the clerk should be protected, on a basis of equality, within the limits of the total amount agreed to be paid. It should not be a case of first come, first served, and the devil take the hindermost. It therefore required the payment of the total sum agreed upon but attached to the payment the conditions set forth in paragraph (19). This constituted a payment on condition. In effect, it was a payment in escrow, the successor clerk being the depositee with instructions to expend the fund in the payment of such of the judgment creditors in whose favor judgments were entered against the former clerk and his surety as might appear and claim the several amounts adjudged to be due them, and then to return the balance, if any, to the defendant bonding company, depositor.

We are unable to perceive any reason why this was not permissible and well within the authority of the trial judge. The liability of the bonding company was the primary subject matter of the action instituted by the receiver against the former clerk and his surety. It cannot be gainsaid that the judge had the power to authorize and approve a compromise settlement of that liability. Neither may it be denied, as we view it, that he had the power to attach to the payment such conditions and stipulations as to him seemed wise under the circumstances then existing. He had jurisdiction both of the parties and of the subject matter of the action. His judgment was confined to a disposition of the subject matter as it affected the rights of the parties over whom he had acquired jurisdiction.

At the time the judgment was signed, the funds in which the respondents may have had a contingent interest had been pilfered. As to such funds, the former clerk was in default. Hence the judgment entered deprived the respondents of no right either vested or contingent. Their rights, if any, must attach to the fund paid in by the appellant. Since the fund was paid under valid conditions imposed by the provisions of paragraph (19), neither respondent has acquired any interest in any part thereof.

It was suggested in the argument here that the judgment fails to stipu-late the time when the right of reversion to the appellant shall accrue. But under these circumstances the law would require the appellant to allow a reasonable time for the several claimants to appear and claim the several amounts due them. It has waited more than fifteen years and until the individual judgments are barred by the statute of limitations, G.S. 1-47. It cannot be said that it has acted with undue haste in assert-ing its right to the balance now remaining in the hands of the clerk.

For the reasons stated, the judgment entered is

Reversed.