F. T. HART, EMPLOYEE, v. THOMASVILLE MOTORS, INC., EMPLOYER, AND
THE TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 9 May, 1956.)

**1. Master and Servant § 45—**

The jurisdiction of the Industrial Commission as a court is limited to
that prescribed by statute, and its jurisdiction in this sense may not be
enlarged by consent of the parties, waiver or estoppel, or by procedural
rules of the Commission itself.

**2. Same—**

Where a party who has received compensation under the Workmen's
Compensation Act upon agreements of the parties, approved by the Com-
mission, attacks the jurisdiction of the Commission at the first hearing
before the Hearing Commissioner, and counsel for the employer and insur-
ance carrier states thereat that defendants do not object to the attack upon
the jurisdiction, the question of estoppel does not arise.

**3. Same: Master and Servant § 53c—**

G.S. 97-47 does not apply where a party challenges the jurisdiction of the
Industrial Commission after receiving compensation under agreement of
the parties approved by the Commission, the statute being applicable only
when the Industrial Commission has jurisdiction.

**4. Courts § 2: Judgments § 25—**

A challenge to the jurisdiction may be made at any time, since a judg-
ment entered without jurisdiction is a void judgment without legal effect
and may be treated as a nullity at any time.

**5. Courts § 2—**

Where its want of jurisdiction is made to appear to a court, it cannot
enter a judgment in favor of either party, but may only set aside such
orders as may have been improperly entered before want of jurisdiction
was discovered, and dismiss the proceeding.

**6. Master and Servant §§ 39b, 45—**

Only employees are covered by the Workmen's Compensation Act, and
the Industrial Commission has no jurisdiction to apply the Act to an inde-
pendent contractor.

**7. Master and Servant § 55d—**

Jurisdictional findings of the Industrial Commission are not conclusive
upon appeal to the Superior Court, but the Superior Court may review the
evidence and make its own findings upon questions of jurisdiction.

**8. Master and Servant § 45—**

Where a party who had been receiving compensation under agreements
approved by the Industrial Commission thereafter attacks the jurisdiction
of the Commission on the ground that he was an independent contractor
and not an employee, the Commission upon its findings, supported by evi-

HART *v.* MOTORS.

dence, that such party was an independent contractor should strike out its approval of the agreements and dismiss the action, but it has no jurisdiction to order such party to return amounts theretofore received under the agreements.

9. **Master and Servant § 55d—In dismissing proceeding for want of jurisdiction, court should not set aside agreements of parties.**

Where a party who had been receiving compensation under agreements approved by the Industrial Commission thereafter attacks the jurisdiction of the Commission, and upon the appeal of defendants from order dismissthe proceeding, the Superior Court finds that claimant was an independent contractor and not an employee and that therefore the Industrial Commission had no jurisdiction, the Superior Court should remand the proceeding to the Commission with direction that it enter an order setting aside its approval of the agreements and dismiss the proceeding, but it is error for the Superior Court to hold that the agreements entered into by the parties should be set aside and in overruling exception to the action of the Commission in setting aside the agreements.

BOBBITT, J., concurring in result.

WINBORNE, J., joins in concurring opinion.

APPEAL by defendants from *Johnston, J.,* January Civil Term 1956 of DAVIDSON.

Proceeding by plaintiff before the North Carolina Industrial Commission to set aside prior agreements concerning the payment of compensation to him, because his injury was not covered by the North Carolina Workmen's Compensation Act, for the reason that an employee-employer relationship did not exist between him and Thomasville Motors, Inc.

The plaintiff received an injury in October 1953, while working as a carpenter at the garage of the Thomasville Motors, Inc. By reason of an agreement entered into by plaintiff and defendants on I. C. Form 21, and approved by the Industrial Commission on 23 November 1953, and by reason of a further agreement entered into by plaintiff and defendants on I. C. Form 26, and approved by the Commission on 7 July 1954, the defendants have paid, and the plaintiff has received, compensation, as provided by the Workmen's Compensation Act. In addition the defendants have paid medical bills, as a result of plaintiff's injuries, in amounts approved by the Workmen's Compensation Act.

In March 1955 plaintiff moved before F. H. Shuford, II, a Deputy Commissioner of the North Carolina Industrial Commission, that the agreements as to the award be set aside by the Industrial Commission on the ground that the Industrial Commission had no jurisdiction, because an employee-employer relation did not exist between him and

Thomasville Motors, Inc., at the time of his injury. The opinion of the Deputy Hearing Commissioner states: "Counsel for the defendants stated that the defendants made no contentions regarding coverage under the Workmen's Compensation Act, or regarding the employee-employer relationship." The plaintiff offered evidence before the Hearing Deputy Commissioner: the defendants none. Based upon competent evidence adduced at the hearing, the Deputy Hearing Commissioner found as a fact that the plaintiff was injured while performing work for Thomasville Motors, Inc., as an independent contractor: that the plaintiff was not an employee of Thomasville Motors, Inc., and the Industrial Commission had no jurisdiction over his claim. Whereupon, the plaintiff's claim was dismissed and removed from the hearing docket, and the prior agreements entered into by the parties were set aside.

Whereupon, the defendants alleged error, and applied for a review by the Full Commission. Upon review the Full Commission adopted as its own the findings of fact of the Hearing Deputy Commissioner, and made an additional finding of fact that payments were made by defendants and accepted by plaintiff by reason of the agreements of November 1953 and July 1954 between the parties approved by the Commission. The Full Commission further amended the opinion and award of the Hearing Deputy Commissioner by adding an additional paragraph to the award as follows: "Plaintiff shall refund to the defendants all moneys paid by them to plaintiff by way of compensation or medical bills, and unless and until this provision has been complied with the original agreements entered into by the parties and approved by the Industrial Commission shall remain in full force and effect." Except as amended and revised, the Full Commission adopted as its own the findings of fact and conclusions of law of the Hearing Deputy Commissioner, and ordered the same affirmed.

The defendants filed eight exceptions and appealed to the Superior Court. In the Superior Court the defendants' exceptions 1, 2, 3, 4, 5, 7 and 8 were overruled. Defendants' exception 6 was to the additional paragraph added by the Full Commission to the award of the Deputy Hearing Commissioner as to the refund of moneys—quoted above. As to exception 6, the judgment of the Superior Court states: "With regard to defendants' Exception VI, the Court is of the opinion that this Exception should be granted on the ground that the portion of the award of the Full Commission, to which exception is taken, is void, and defendants' Exception VI is hereby granted. However, the argument of the defendants as stated in their Exception No. VI, that the North Carolina Industrial Commission has jurisdiction over the parties and cannot avoid or evade the exercise of its jurisdiction upon the conditions as set out in the portion of the award challenged by this Excep-

tion, is expressly rejected, and this exception is granted on the ground that the Commission, having no jurisdiction, was without authority to include the challenged provision in its award." The judge of the Superior Court, being of the opinion that the question raised by the appeal involved the jurisdiction of the Industrial Commission, and for that reason the findings of fact of the Full Commission were not conclusive upon appeal, though supported by competent evidence, and that the Court had the power and the duty to consider all the evidence in the record and to find therefrom whether the Industrial Commission had jurisdiction, without regard to the findings of fact of the Full Commission, struck out the findings of fact of the Full Commission as to jurisdiction. Whereupon, from competent evidence in the record, the Superior Court Judge found that the plaintiff was not an employee of Thomasville Motors, Inc., when injured, but was an independent contractor, that he was not subject to the North Carolina Workmen's Compensation Act, that the Industrial Commission had no jurisdiction over his claim, and that the prior agreements should be set aside. Based on these findings of fact, the judge made the following conclusions of law: one, the claim should be dismissed, because the Industrial Commission had no jurisdiction; two, any agreements entered into by the parties should be set aside upon motion of plaintiff; three, the Industrial Commission does not have jurisdiction over the respective rights and liabilities of the parties concerning money already paid. Whereupon, the judge dismissed the proceeding.

The defendants appeal, assigning error.

*W. H. Steed and Walser & Brinkley for Plaintiff, Appellee.*

*Armistead W. Sapp for Thomasville Motors, Inc., Employer, and The Travelers Ins. Co., Carrier, Defendants, Appellants.*

PARKER, J. The plaintiff has challenged the jurisdiction over the subject matter of the Industrial Commission in making an award to him based upon prior agreements between him and the defendants, on the ground that he is not subject to the provisions of the North Carolina Workmen's Compensation Act, for the reason that at the time of his injury he was not an employee of Thomasville Motors, Inc., but was an independent contractor.

The defendants contend that the Industrial Commission had no power or authority to hear and determine this challenge, because, one, there was no showing of a change of condition as set forth in G.S. 97-47, and two, the plaintiff was bound by his prior agreements and receipt of compensation, and is estopped to attack the jurisdiction of the Commission.

The North Carolina Industrial Commission has a special or limited jurisdiction created by statute, and confined to its terms. Viewed as a court, it is one of limited jurisdiction, and it is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction over subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel. *Hanson v. Yandle*, 235 N.C. 532, 70 S.E. 2d 565; *Anderson v. Atkinson*, 235 N.C. 300, 69 S.E. 2d 603; *Chadwick v. Dept. of Conservation and Development*, 219 N.C. 766, 14 S.E. 2d 842; *Reaves v. Mill Co.*, 216 N.C. 462, 5 S.E. 2d 305; *Hollowell v. Dept. of Conservation and Development*, 206 N.C. 206, 173 S.E. 603; *Dependents of Thompson v. Funeral Home*, 205 N.C. 801, 172 S.E. 500; *Burroughs v. McNeill*, 22 N.C. 297; *Hartford Accident and Indemnity Co. v. Thompson* (Ga.), 147 S.E. 50; *Woolsey v. Security Trust Co.*, 74 F. 2d 334, 97 A.L.R. 1081; *Gavin v. Hudson & Manhattan R. Co.*, 185 F. 2d 104, 27 A.L.R. 2d 739; 14 Am. Jur., Courts, sec. 184; 19 Am. Jur., Estoppel, sec. 77.

However, the doctrine has been announced that one who procures or gives consent to a decree, even though it is void as beyond the powers of the court to pronounce, is estopped to question its validity, at least where he has obtained a benefit from the act of the court. *Dean v. Dean*, 136 Or. 694, 300 P. 1027, 86 A.L.R. 79; 19 Am. Jur. Estoppel, sec. 77. The basis of this doctrine is that whether the court had jurisdiction either of the subject matter of the action or of the parties is not important, but that such practice will not be tolerated.

While the defendants in their brief assert "plaintiff was bound by his agreements and estopped to attack the jurisdiction upon the grounds asserted," they have favored us with neither reason, argument nor citation of authorities in support of their statement.

These were the facts in *Reaves v. Mill Co., supra.* An agreement for compensation for plaintiff's disability was entered into by plaintiff and both defendants, supposedly in pursuance of the provisions of the North Carolina Workmen's Compensation Act. This memorandum was examined and approved by the Industrial Commission, which made an award. Compensation was paid for about 38 weeks. The defendants then ceased payment, and challenged the jurisdiction of the Industrial Commission on the ground that at the time of his injury the plaintiff was not a resident of this State. The plaintiff then applied to the Commission for the enforcement of the award. This Court denied plaintiff's application holding that the Industrial Commission did not have jurisdiction over the original claim, and the parties could not confer jurisdiction by consent or agreement, because the Commission's jurisdiction over contracts for the settlement of claims is limited to those made

under and within the purview of the Workmen's Compensation Act. This Court in its opinion said: "We think it is clear that neither the agreement entered into by the plaintiff and the defendants nor the subsequent payments of the defendants thereupon amounted to a waiver of jurisdiction."

A decision of the Industrial Commission is only conclusive when it is acting within its jurisdiction. *Voehl v. Indemnity Ins. Co.*, 288 U.S. 162, 77 L. Ed. 676, 87 A.L.R. 245; *Uphoff v. Individual Board*, 271 Ill. 312, 111 N.E. 128, Ann. Cas. 1917-D1.

The jurisdiction of the Industrial Commission in relation to the subject matter over which it may exercise authority is limited by the North Carolina Workmen's Compensation Act, and this jurisdiction can be enlarged or extended only by the General Assembly, its creator. It is not necessary for us to decide whether under all circumstances a party to a proceeding before the Industrial Commission can, or cannot, be estopped to attack its jurisdiction over the subject matter, for the reason that under the facts of this case no such estoppel arises here. It is to be noted that this occurred during the hearing before the Hearing Deputy Commissioner. The Deputy Commissioner said to defendants' counsel: "Mr. Edwards, you say you will not hold the plaintiff to the agreement?" Mr. Edwards replied: "No, so far as getting a dismissal. If he wants to contend they are not bound by the Act, that is all right with us." At that time counsel for defendants made other statements of similar import.

The defendants contend that the Industrial Commission could not hear and determine plaintiff's challenge to its jurisdiction over the subject matter, because "the only basis for reopening a matter before the North Carolina Industrial Commission is upon the ground of change of condition," and cite in support of their statement, G.S. 97-47; *Murray v. Knitting Co.*, 214 N.C. 437, 199 S.E. 609; Larson's Workmen's Compensation Law, Vol. 2, p. 330, sec. 81, *et seq.*

The authorities cited are not in point. G.S. 97-47 reads in part: "Upon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded . . ." This statute applies where the Industrial Commission has jurisdiction. In *Murray v. Knitting Co., supra*, the Commission had jurisdiction.

The defendants further contend that the plaintiff is barred from challenging the jurisdiction of the Commission over the subject matter by reason of Rule XV of the Commission, the pertinent part of which reads as follows: "No party to any agreement for compensation approved by the Industrial Commission shall thereafter be heard to deny

the truth of the matters therein set forth unless it shall be made to appear to the satisfaction of the Commission that there was error due to fraud, misrepresentation, undue influence, mutual mistake, or other sufficient reason." Such a contention is untenable. The Commission cannot enlarge its jurisdiction, or prevent a challenge to its jurisdiction over the subject matter, by one of its rules. Its limited jurisdiction is fixed by the Act.

A challenge to jurisdiction may be made at any time. *Baker v. Varser,* 239 N.C. 180, 79 S.E. 2d 757; *Spaugh v. Charlotte,* 239 N.C. 149, 79 S.E. 2d 748; *Anderson v. Atkinson, supra; Miller v. Roberts,* 212 N.C. 126, 193 S.E. 286; *Johnson v. Finch,* 93 N.C. 205, 208.

A judgment is void, when there is a want of jurisdiction by the court over the subject matter of the action, *Hanson v. Yandle, supra,* and *Clark v. Homes,* 189 N.C. 703, 708, 128 S.E. 20, and a void judgment may "be disregarded and treated as a nullity everywhere," *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311.

In *Stafford v. Gallops,* 123 N.C. 19, 31 S.E. 265, the Court said: "A void judgment is in legal effect no judgment. No rights are acquired or divested by it. It neither binds nor bars any one, and all proceedings founded upon it are worthless."

The plaintiff had a legal right to challenge the jurisdiction of the Industrial Commission over the subject matter, and, when such challenge was made, it was the duty of the Industrial Commission to hear and determine it.

The jurisdiction of a court does not relate to the rights of the parties as between each other, but to the power of the court to hear and adjudicate. The question of its existence precedes the question of the rights of the parties to avail themselves of its jurisdiction, if it exists. An universal principle as old as the law is that proceedings of a court without jurisdiction over the subject matter are a nullity and its judgment without effect either on the person or property. *Monroe v. Niven, supra; Downing v. White,* 211 N.C. 40, 188 S.E. 815; *Clark v. Homes, supra; Card v. Finch,* 142 N.C. 140, 54 S.E. 1009; 14 Am. Jur., Courts, sec. 167.

A court without jurisdiction over the subject matter of a proceeding or case cannot enter a judgment in favor of either party: it can only dismiss the proceeding or case for want of jurisdiction. *New Orleans & Bayou Sara Mail Co. v. Fernandez,* 12 Wall. (U.S.) 130, 29 L. Ed. 249; *Corbett v. Boston & M. R. Co.,* 219 Mass. 351, 107 N.E. 60, 12 A.L.R. 683.

In *Mail Co. v. Fernandez, supra,* the Court said: "Where the circuit court is without jurisdiction, it is in general irregular to make any order in the cause except to dismiss the suit; but that rule does not

apply to the action of the court in setting aside such orders as had been improperly made before the want of jurisdiction was discovered."

An injured person is entitled to compensation under our Workmen's Compensation Act only if he is an employee of the party from whom compensation is claimed at the time of his injury. G.S. 97-2; *Scott v. Lumber Co.*, 232 N.C. 162, 59 S.E. 2d 425.

An independent contractor is not a person included within the terms of the Act, and the Industrial Commission has no jurisdiction to apply the Act to a person who is not subject to its provisions. *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137; *Perley v. Paving Co.*, 228 N.C. 479, 46 S.E. 2d 298.

The Superior Court reviews the rulings and decisions of the Industrial Commission. This Court reviews the decisions of the Superior Court, when alleged errors are properly presented to us. *Worsley v. Rendering Co.*, and *Sugg v. Rendering Co.*, 239 N.C. 547, 80 S.E. 2d 467.

The Superior Court overruled all the defendants' exceptions to the findings of fact, conclusions of law and award of the Full Commission, except that it sustained their Exception VI to the award of the Full Commission which is addressed to the amendment made to the award of the Hearing Deputy as to the refunding of money by plaintiff to defendants. Under this exception the defendants said: "The North Carolina Industrial Commission has jurisdiction over the parties and cannot avoid or evade the exercise of its jurisdiction upon the conditions as set out in this part of its award. A conditional award of this nature is void and of no legal effect." The Superior Court expressly rejected this argument of defendants, and stated in its judgment, "this exception is granted on the ground that the Commission having no jurisdiction was without authority to include the challenged provision in its award." This ruling of the Superior Court was correct. The Superior Court Judge being of the opinion that the question raised by the appeal involved the jurisdiction of the Industrial Commission over the subject matter of the proceeding struck out the findings of fact of the Commission that the plaintiff was not an employee, but was an independent contractor, and made his own findings of fact and conclusions of law, yet in doing so he copied in his judgment *verbatim* the findings of fact and conclusions of law of the Deputy Hearing Commissioner that the plaintiff was an independent contractor, and not an employee of Thomasville Motors, Inc. at the time of his injury. This the Judge had the right and power to do. *Aycock v. Cooper*, 202 N.C. 500, 163 S.E. 569; *Francis v. Wood Turning Co.*, 204 N.C. 701, 169 S.E. 654; *Miller v. Roberts, supra; Young v. Mica Co.*, 212 N.C. 243, 193 S.E. 285; *Buchanan v. Highway Com.*, 217 N.C. 173, 7 S.E. 2d 382; *Smith v. Paper Co.*, 226 N.C. 47, 36 S.E. 2d 730; *Aylor v. Barnes*, 242

N.C. 223, 87 S.E. 2d 269. The Judge, thereupon, made these conclusions of law: One, the employer-employee relationship did not exist between plaintiff and Thomasville Motors, Inc., and the Industrial Commission had no jurisdiction over plaintiff's claim, and it should be dismissed. Two, any agreements entered into by the parties should be set aside pursuant to motion of plaintiff. Third, the Industrial Commission does not have jurisdiction over the respective rights and liabilities of the parties concerning money already paid. The court, thereupon, dismissed the proceeding.

The findings of fact of the Superior Court Judge that the plaintiff was not an employee of Thomasville Motors, Inc., while performing the work when he was injured, but was an independent contractor, are supported by competent evidence. The defendants at the hearing before the Deputy Commissioner offered no evidence to the contrary. At the hearing defendants' counsel in respect to plaintiff's contention that he was not an employee at the time of his injury, but an independent contractor said: "We won't object, but we are not going to consent: in other words, we just don't take any position."

However, the Superior Court was in error in overruling the defendants' exception to the Industrial Commission's setting aside the prior agreements entered into by the parties. The Superior Court was also in error in holding that any agreements entered into by the parties should be set aside, pursuant to motion of the plaintiff.

The Superior Court was right in its conclusions of law that the proceeding should be dismissed for lack of jurisdiction in the Industrial Commission over the subject matter of the proceeding, and that the Industrial Commission had no jurisdiction over the respective rights of the parties concerning money already paid.

When the Industrial Commission held that it had no jurisdiction over the subject matter of the proceeding, all that it had the power to do was to set aside its approval of the agreements and its award for the payment of compensation and medical benefits, as improperly made before the want of jurisdiction was discovered, and to dismiss the proceeding. When the Superior Court made its own findings of fact and conclusions of law to the effect that the Industrial Commission had no jurisdiction over the subject matter of the proceeding, thereby affirming the Industrial Commission on that question, it dismissed the proceeding. That left standing in the records of the Industrial Commission the Commission's approval of the agreements and its award for the payment of compensation and medical benefits. The Superior Court should have remanded the case to the Industrial Commission directing it to enter an order setting aside its approval of the agreements and its award for the payment of compensation and medical benefits, and

dismissing the proceeding for lack of jurisdiction over the subject matter, on the ground that plaintiff was not an employee of Thomasville Motors, Inc., while performing the work when he was injured, but an independent contractor.

The sole question of fact involved here is whether in performing the work at which he was injured, plaintiff was an employee of Thomasville Motors, Inc., or an independent contractor. The Deputy Commissioner, the Full Commission and the Superior Court have concluded, upon competent evidence, that the plaintiff, at the time he was injured, was doing work as an independent contractor, and that the Industrial Commission had no jurisdiction. There is no need to remand for the finding of any additional facts. The legal consequences that follow from such findings and conclusions are clear so far as the jurisdiction and power of the Industrial Commission is concerned.

This proceeding is remanded to the Superior Court so that it can remand it to the Industrial Commission with direction to enter an order setting aside its approval of the agreements and its award for the payment of compensation and medical benefits and dismissing the proceeding on the ground of lack of jurisdiction.

Error and remanded.

BOBBITT, J., concurring in result: The record contains findings that I.C. Form 21 and I.C. Form 26 were executed by the parties. However, these forms, executed or unexecuted, do not appear in the record. Upon approval thereof by the Commission, compensation payments were made by defendants to plaintiff in accordance therewith.

Presumably, the executed forms embodied stipulations to the effect that the relationship subsisting between the parties was that of employee-employer-carrier. Apart from these executed forms, there were no stipulations that such relationships existed.

Plaintiff, in challenging the jurisdiction of the Commission, moved that these agreements be set aside because executed by plaintiff "through mistake and lack of knowledge and understanding," on the ground that in fact plaintiff was not an employee of Thomasville Motors, Inc. Confronted by this motion, defendants' counsel stated: "Now, the defendants don't take any position one way or the other about this. We are just leaving it up to the Commissioner, because we don't contest it if he wants to set it aside. Doesn't matter to us one way or the other." Defendants' position was that plaintiff was not entitled to a modification of the award under G.S. 97-47 otherwise than "on the grounds of a change of condition."

In this setting, the inquiry proceeded; and, upon such inquiry, it appeared plainly from all the evidence that plaintiff was not an em-

ployee but an independent contractor. It is patent that the executed forms, if they contained stipulations that plaintiff was an employee, were executed by mistake. Therefore, I concur in the result.

In my view, we need go no further in the disposition of this appeal.

Whether the Commission has jurisdiction depends solely on the authority conferred on it by statute. If the case is not within its statutory jurisdiction, jurisdiction cannot be conferred by any agreement of the litigants, express or implied. *Reaves v. Mill Co.*, 216 N.C. 462, 5 S.E. 2d 305. There is no disagreement as to this well established proposition.

If, however, *facts* are stipulated, and the facts so stipulated, if true, bring a case within the statutory jurisdiction of the Commission, the Commission is authorized to exercise jurisdiction unless and until such stipulated facts are set aside. If, later in the proceeding, any party undertakes to challenge before the Commission the stipulated facts upon which the Commission's jurisdiction depends, Rule XV of the Commission, quoted in the Court's opinion, seems to be a just and reasonable rule. And when stipulated facts, upon which jurisdiction depends, are challenged in the Superior Court, it seems to me that a like rule should apply. Litigants should not be permitted to challenge their stipulations of fact without first showing substantial grounds why they should not be bound thereby. In my view, there is a marked distinction between conferring jurisdiction by agreement and making stipulations of fact which, if true, bring the proceeding within the statutory jurisdiction of the Commission.

It is noted that in *Reaves v. Mill Co., supra,* the original stipulations, on the basis of which compensation was paid, did not include a stipulation to the effect that plaintiff was a resident of North Carolina when he received the injury. In the subsequent hearing, lack of jurisdiction was predicated on the then admitted fact that plaintiff at the time of injury was a citizen and resident of South Carolina. Hence, there was no conflict between the facts stipulated and the determinative jurisdictional fact established by plaintiff's admission at the subsequent hearing.

WINBORNE, J., joins in this opinion.