***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser, and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement, which was admitted into the record, and marked as Stipulated Exhibit (1) as:
 STIPULATIONS
1. On June 1, 1998, the parties were subject to and bound by the provisions of the
North Carolina Workers' Compensation Act.
2. On or about June 1, 1998, plaintiff sustained a compensable injury by accident.
3. On June 1, 1998, an employer-employer relationship existed between defendant-employer and plaintiff.
4. State Auto Insurance Companies was the carrier on the risk for workers' compensation coverage at all relevant times hereto.
5. Defendants will submit a properly completed Industrial Commission Form 22 wage chart.
6. The parties will stipulate to the medical payment check copies.
7. At the hearing before the Deputy Commissioner, the parties submitted the following:
a. Packet of Medical Records, which was admitted into the record, and marked as Stipulated Exhibit (2);
b. Certified Copy of the Industrial Commission's File, which was admitted into the record, and marked as Stipulated Exhibit (3); and,
c. Copy of Defendant-Carrier's File, which was admitted into the record, and marked as Stipulated Exhibit (4).
8. At the hearing before the Deputy Commissioner, the parties stipulated that the testimony of plaintiff's wife would be corroborative of plaintiff's testimony in its entirety.
9. The issues to be determined are as follows:
a. Plaintiff's correct average weekly wage;
b. To what benefits, if any is plaintiff entitled;
c. Whether plaintiff's current complaints of pain are causally related to his compensable injury of June 1, 1998;
d. Whether the Industrial Commission has jurisdiction over a case in which no claim was filed within two years after the accident or within two years after the last payment of medical compensation under N.C. Gen. Stat. § 97-24;
e. Whether plaintiff's claim for additional medical compensation is barred under N.C. Gen. Stat. § 97-25.1;
f. Whether defendants failed to follow the provisions of the Act such that defendants should be estopped from pleading N.C. Gen. Stat. § 97-24
or N.C. Gen. Stat. § 97-47 as to bar the claim; and,
g. Whether a mutual mistake of fact occurred pertaining to a medical diagnosis such that plaintiff's claim is not barred by statute.
 ***********
Based upon all the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the date of hearing before the Deputy Commissioner, plaintiff was a 53 year old high school graduate, who had also received occupational training in Georgia at a broadcasting school from which he received a broadcasting certificate.
2. In 1978, plaintiff began working for defendant-employer, a ladies' retail clothing business. Prior to the incident giving rise to this claim, plaintiff worked for defendant-employer as an advertising-marketing director. At the time of his June 1, 1998, injury, plaintiff was working as a Distribution Center Manager. In that capacity, plaintiff's duties included managing retail clothing distribution, truck driving, loading and unloading shipments, and packing boxes.
3. On June 1, 1998, plaintiff was delivering merchandise to, and picking up cardboard boxes and hangers from defendant-employer's store. On this date, plaintiff was loading cardboard from a hand-truck to a hydraulic lift-gate, and turned off the lift-gate to enter the truck cargo area. As he attempted to maneuver the hand-truck from the lift-gate into the cargo area, plaintiff lost his balance and fell backwards, striking the truck with his right shoulder. Plaintiff immediately experienced a stinging pain, and soon thereafter, when he would reach for something, experienced a pulling sensation up into his neck.
4. At the hearing before the Deputy Commissioner, plaintiff testified that he reported his work-place injury to Mr. Bob Price the following day. Mr. Price is defendant-employer's controller and also the manager who handles workers' compensation claims.
5. Following his injury, plaintiff initially sought treatment at an emergency medical center from Dr. Fidelis Edosonwan, who then referred plaintiff to Union Regional Medical Center. Plaintiff was first examined at Union Regional Medical Center on June 24, 1998. An MRI of plaintiff's right shoulder was reviewed by Dr. Eric Rautiola, who opined that it revealed a small fluid collection in the acromioclavicular joint, and a Grade 1 sprain. The MRI showed no evidence of a rotator cuff tear or nerve impingement. An MRI of plaintiff's cervical spine revealed no disc herniation, protrusion or central spinal canal stenosis.
6. Dr. Edosonwan subsequently referred plaintiff to Dr. Jeffrey Daily, of the Miller Orthopaedic Clinic. Plaintiff was first examined by Dr. Daily on June 25, 1998, at which time the prior MRI's were reviewed. Dr. Daily opined that neither MRI showed any significant findings. Dr. Daily's initial diagnosis was that plaintiff may have sustained a mild AC sprain or cervical strain as the result of the June 1, 1998, work-place incident, but that it had resolved. Dr. Daily recommended stretching exercises for plaintiff, and released him to restricted work. Plaintiff was next examined by Dr. Daily on July 21, 1998, and reported continuing symptoms in the right side of his trapezius and into his right arm. At this time, because of the diagnostic tests plaintiff had already undergone, Dr. Daily was comfortable treating him conservatively with no additional diagnostic studies.
7. On June 5, 2001, plaintiff returned to Dr. Daily and reported experiencing a worsening pain in his right shoulder. Dr. Daily noted plaintiff had experienced a "definite increase in pain in the shoulder over the last six months with no definite single event" having occurred. Dr. Daily ordered x-rays, but found no significant degenerative or traumatic change. Dr. Daily also recommended that plaintiff undergo a repeat MRI due to his increased symptoms. Based upon the results of this MRI, Dr. Daily diagnosed plaintiff as having a significant injury to the supraspinatus, a muscle of the scapula, and the possibility of a full rotator cuff tear. Dr. Daily continued treating plaintiff subsequent to the hearing before the Deputy Commissioner and has recommended that he undergo a subacromial decompression and rotator cuff repair.
8. Regarding his diagnosis based upon the 2001 MRI, Dr. Daily testified that the original 1998 MRI would have been unpredictable in identifying plaintiff's injury due to the type of computer formatting used at Union Regional at that time. As to the resulting contentions regarding mutual mistake of fact, the Full Commission finds that the fact that an MRI taken with older technology in 1998 did not show what the 2001 MRI revealed, which was taken with updated technology, does not establish a mutual mistake of fact by the parties. Each party's opinion or view of plaintiff's diagnosis in 1998 was based upon information that was in fact accurate at that time.
9. Between his last appointment with Dr. Daily in 1998 and his next appointment in 2001, plaintiff was treated for a spine problem by Dr. Craig VanDerVeer, a neurosurgeon. Dr. VanDerVeer had prescribed anti-inflammatory medication for plaintiff's spine problems, and those medications had helped in reducing the pain resulting from plaintiff's 1998 work-place shoulder injury. Additionally, plaintiff's family physician, Dr. Jeff Corell, would on occasion refill anti-inflammatory prescriptions that had been prescribed by Dr. VanDerVeer. Despite his prescription medications, plaintiff has testified that there was no time between June 1998 and 2001 when he did not experience right shoulder pain. Plaintiff also testified that during this period he had an informal agreement with Bob Price and Wendy Mull at Griffin 88 Stores that if his shoulder began bothering him, he could back off from the activity at work that was causing the pain. Between 1998 and 2001, both Price and Mull were aware that the Plaintiff was continuing to experience pain, sleeplessness or mild limitation of function because of the shoulder injury.
10. Dr. Daily has opined to a reasonable degree of medical certainty that the conditions he diagnosed in June 2001, and for which he recommended surgery, were caused by plaintiff's compensable injury on 1 June 1998.
11. Plaintiff did not file an Industrial Commission Form 18 for his alleged injury by accident of June 1, 1998, until June 12, 2002. The date defendants last paid medical compensation for plaintiff's injury was September 22, 1998. Accordingly, the Full Commission finds that plaintiff's Form 18 was filed more than two years after his injury and more than two years after the date of defendants' last payment of medical compensation.
12. Regarding the issue of estoppel as espoused by plaintiff, due to the procedures followed by plaintiff in reporting his injury, he may have assumed that a claim had been filed. However, at the time of plaintiff's meeting with Mr. Price during which the injury was reported, defendant-employer did only what was required by the then-existing laws and completed a Form 19. Moreover, there is no evidence of record that Mr. Price or any agent of defendant-employer or defendant-carrier ever informed plaintiff, or implied to him, that his claim was taken care of or that it was not necessary to file a claim. Accordingly, the Full Commission finds that there is insufficient evidence upon which to find that defendants are estopped from asserting the provisions of N.C. Gen. Stat. § 97-24.
13. The Full Commission also finds that the jurisdiction of the Industrial Commission in this matter was not conferred or created when the parties stipulated that: "On 1 June 1998, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act," and that, "On or about June 1, 1998, plaintiff sustained a compensable injury by accident."
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. N.C. Gen. Stat. § 97-24.
2. The jurisdiction of the Industrial Commission in this matter was not created when the parties stipulated: "On 1 June 1998, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act," and that, "On or about June 1, 1998, plaintiff sustained a compensable injury by accident." The North Carolina Supreme Court has held:
 The North Carolina Industrial Commission has a special or limited jurisdiction created by statute, and confined to its terms. Viewed as a court, it is one of limited jurisdiction, and it is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction over subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel.
Hart v. Thomasville Motors, Inc., 244 N.C. 84, 92 S.E.2d 673 (1956)(emphasis added).
2. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two-year period prescribed by N.C. Gen. Stat. § 97-24, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-24(a).
3. Defendants are not estopped to rely on N.C. Gen. Stat. § 97-24 in bar of plaintiff's claim. N.C. Gen. Stat. § 97-24.
4. Plaintiff's claim for additional medical compensation is barred pursuant to N.C. Gen. Stat. § 97-25.1.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This 25th day of January 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER