***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gheen and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence and upon reconsideration the Full Commission REVERSES the Opinion and Award of the Deputy Commissioner.
 ***********
Based upon the competent, credible evidence of the record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Edward Brown, filed a State Tort Claim Affidavit on August 14, 2009. *Page 2 
2. Plaintiff owns a fee simple interest in a plot of improved land in Ashe County, North Carolina, near Bridge #57 on N.C. Highway 88.
3. Defendant, North Carolina Department of Transportation (hereinafter "NCDOT"), undertook negotiations with the Plaintiff to purchase a highway right of way across a portion of Plaintiff's property, as well as a temporary construction easement in order to replace Bridge #57. The agreement for the purchase of the right of way included the reconfiguring and reconnecting of Plaintiff's personal gravel driveway by the NCDOT which served as ingress and egress to N.C. Highway 88.
4. As part of the negotiation and agreement, Defendant's Right of Way Agent sent a letter to the Plaintiff on July 1, 2004, explaining that the basis of their offer to purchase the right of way included the estimated cost of curing the driveway in the amount of $7,375.00. The sum contemplated tarring and graveling approximately 500 square yards of the driveway and adding six inches to the stone base, grading and set up.
5. On September 24, 2004, Plaintiff sent a letter to Defendant's Right of Way Agent confirming that the parties had negotiated an additional agreement and sum, recognizing that the driveway would need to be resurfaced with additional rock at some future point.
6. The Defendant completed reconfiguring and reconnecting Plaintiff's driveway.
7. Subsequent to the reconnection of the driveway to N.C. Highway 88, the Plaintiff and Defendant agreed that the slope of the substantially altered driveway created the need for a guardrail on the outer boundary of a portion of the driveway to correct the undisputed safety issues.
8. Plaintiff and Defendant negotiated and executed an "Agreement," dated November 22, 2006, paying Plaintiff $10,000.00 for the erection of a guardrail along the new *Page 3 
driveway. There is no dispute as to the execution and performance of this contract and it is immaterial to the factual issues at controversy in the present action.
9. After the alterations of Plaintiff's driveway were completed, the Plaintiff asserted that the roadway bed deteriorated far beyond what should be expected in the short period of time after its completion, given the light use of the driveway. The Full Commission finds that Plaintiff's allegations related to the rate of driveway deterioration shows breach of contract actions, not negligence against Defendants.
10. The Full Commission finds Plaintiff has asserted in his affidavit that agents and employees of the NCDOT engaged in "poor driveway construction practice" to be a potential contract action. The Full Commission finds Plaintiff's assertion that his driveway was not properly constructed as agreed is not a claim in negligence against Defendants.
11. The Full Commission finds Plaintiff's affidavit and allegations presented of Defendant's not properly constructing Plaintiff's driveway as they agreed in return for a highway right of way across Plaintiff's property amounts to an allegation of breach of contract, not negligence and therefore Plaintiff fails to state a claim upon which relief can be granted.
 ***********
Based upon the forgoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 (a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims founded in negligence against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Torts Claims Act, negligence is determined by the same rules that are applicable to private parties. Plaintiff has failed to state a claim for *Page 4 
negligence upon which relief can be granted. Bolkhir v. N.C. StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff's affidavit and evidence adduced at hearing shows alleged breach of contract on the part of the NCDOT. Matters of contract are not within the scope of the State Tort Claims Act. Under the Tort Claims Act, the N.C. Industrial Commission has jurisdiction to hear tort claims alleging negligence on the part of a state agency. N.C. Gen. Stat. § 143-291. As plaintiff's claim does not allege negligence on the part of an employee or agency of the state, the Industrial Commission lacks subject matter jurisdiction over Plaintiff's claim.
4. Jurisdiction is the power or authority of a court to hear a case on its merits. Lack of subject-matter jurisdiction is a defense that may even be raised for the first time on appeal. Bache HalseyStuart, Inc. v. Hunsucker,38 N.C. App. 414, 248 S.E.2d 567 (1978), cert. denied,296 N.C. 583, 254 S.E.2d 32 (1979). A defect in jurisdiction over subject matter cannot be cured by waiver, consent, amendment, or otherwise, and objection may be made anytime during progress of action. Anderson v. Atkinson,235 N.C. 300, 69 S.E.2d 603 (1952). The Industrial Commission lacks subject matter jurisdiction to hear this claim and therefore the claim should be dismissed. Plaintiff has filed this claim in the wrong court of law.
 *********** ORDER
1. Plaintiff's above captioned claim under the State Tort Claims Act is hereby DENIED and DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This the ___ day of June, 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG COMMISSIONER *Page 1